Cieved CARDONA, Appellant,

v.

The STATE of Texas, Appellee.

No. B14-88-00074-CR.

Court of Appeals of Texas, Houston (14th Dist.).

March 3, 1989.

Mike DeGeurin, Houston, for appellant.

Winston E. Cochran, Jr., Houston, for appellee.

Before MURPHY, ROBERTSON and SEARS, JJ.

## OPINION

MURPHY, Justice.

Appellant Cieved Cardona waived his rights to a jury trial and a pre-sentence investigation report and pled not guilty to the charge of delivery of over 400 grams of cocaine. Although he stipulated to having made the delivery, appellant moved the trial court to dismiss the indictment on entrapment grounds prior to trial. The court denied the motion after conducting a hearing, found appellant guilty and sentenced him to fifteen years' confinement in the Texas Department of Corrections and a $250, fine, the minimum sentence under TEX.REV.CIV.STAT.ANN. art. 4476–15 §§ 4.02(b)(3)(D) & 4.03(d) (Vernon Supp. 1989). We affirm.

Police officers assisting Houston undercover police officer John Spjut arrested the appellant on October 9, 1985 at a parking lot on Maxey Road. The appellant had reached through the window of the officer's car, placed a supermarket bag containing a kilogram of cocaine in the officer's lap and climbed into the rear seat of the car to reach a paper bag containing cash.

■ Appellant brings two points of error. In his first point of error he claims the trial court erred by overruling his motion to dismiss the indictment on entrapment grounds. Appellant maintains he established as a matter of law that Orlando Gallo [1] induced him to transfer the cocaine to Officer Spjut. We disagree.

The entrapment defense will bar prosecution when "a law enforcement agent using persuasion or other means likely to cause persons to commit the offense," induces the defendant to commit an offense which the defendant need not admit, but may not

---

1. During the hearing on appellant's motion to dismiss, his trial attorney and the prosecutor both referred to Orlando Gallo as "Orlando."

deny committing. Tex.Penal Code Ann. § 8.06 (Vernon 1974); *Norman v. State,* 588 S.W.2d 340, 345 (Tex.Crim.App. [Panel Op.] 1979, *cert. denied,* 446 U.S. 909, 100 S.Ct. 1836, 64 L.Ed.2d 261 (1980). In *Rodriguez v. State,* 662 S.W.2d 352 (Tex.Crim. App.1984, en banc), the court of criminal appeals relied on *Norman* and other precedent and construed Section 8.06 of the Penal Code as adopting an "objective test." 662 S.W.2d at 355. Under this test, once the trier of fact determines that an inducement occurred, it must focus *only* on the nature of the State agent's activity without regard to the predisposition of the particular defendant to commit the offense charged. *Id.*

■ Tex.Code Crim.Proc.Ann. art. 28.01 § 1(9) (Vernon Pamph.Supp.1989) [hereinafter "Article 28.01 § 1(9)"] entitles an accused to pre-trial determination of an entrapment claim. If the defendant presents sufficient evidence to raise the defense at the hearing, the State then has the final burden to disprove entrapment by a law enforcement agent. *Bush v. State,* 611 S.W.2d 428, 430 (Tex.Crim.App. [Panel Op.] 1980) (opinion on original submission); *Altman v. State,* 666 S.W.2d 505, 506 (Tex. App.—Eastland 1983, pet. ref'd); *Lee v. State,* 632 S.W.2d 816, 819 (Tex.App.— Houston [14th Dist.] 1982, pet. ref'd); *Carver v. State,* 628 S.W.2d 155, 157 (Tex.App. —Houston [14th Dist.] 1982, pet. ref'd).[2]

During the Article 28.01 § 1(9) hearing in this case, the appellant identified Gallo as the son of the appellant's daughter's godparents. Although he claimed he did not know Gallo well, the appellant began asking Gallo to repay a $1,200 loan after losing his job with Brown & Root in March 1985. Appellant found no new work, soon realized he could lose his mobile home, and had no success getting the $1,200 from Gallo, whose parents were also experiencing financial difficulties.

Appellant claimed that about a month after his unemployment checks stopped, Gallo, who knew the appellant had contacts who dealt in cocaine, suggested to appellant that dealing in cocaine could solve both their economic difficulties. Appellant maintained he was very reluctant, but that Gallo refused to return the $1,200 unless he agreed to deal in cocaine. He also claimed Gallo and his sister repeatedly telephoned him to urge him to cooperate for their families' sakes. Appellant testified he finally agreed to a drug transaction with Gallo because "the economic situation forced me." Appellant described his and Gallo's plan as follows: the appellant would obtain cocaine and bring it to Gallo, who would bring a buyer with $40,000; Gallo would take $40,000 from the buyer and give the appellant $2,700 for himself and $33,000 to pay the supplier. But the appellant's "profit" would only be $1,500 since $1,200 of his $2,700 was repayment for the money he originally loaned Gallo. Gallo, on the other hand, would apparently keep $4,300.

Officer Spjut also testified. He stated that he met Gallo, whom he knew only as "Orlando," through "Sandra," Gallo's sister. Gallo told the officer he wanted to do something about the narcotics activity in his neighborhood. After explaining police requirements and safety procedures to Gallo, Spjut agreed to work with him and also told Gallo he could earn money for his assistance. When Gallo later contacted Spjut to tell him he had a supplier who could sell a large amount of cocaine, Spjut gave his approval for Gallo to tell the supplier a buyer was available. The record shows that Spjut did not learn the appellant's name until Gallo notified the officer of the October 9, 1985 deal to buy a kilo of cocaine for $40,000 cash.

In *Soto v. State,* 681 S.W.2d 602 (Tex. Crim.App.1984) (en banc), the court reversed the decision of the appellate court

---

**2.** On the State's motion for rehearing in *Bush,* the court of criminal appeals issued an en banc decision which changed the disposition by the original panel and held that the appellant's testimony failed to give rise to an issue of entrapment. 611 S.W.2d at 432. But neither that opinion nor the majority opinions in either *Rodriguez* or *Soto v. State,* 681 S.W.2d 602 (Tex. Crim.App.1984) (en banc) alters the defendant's pre-trial burden in an Article 28.01 § 1(9) motion to dismiss described in the *Bush* panel opinion.

which held that the defendant had raised the issue of entrapment at a pre-trial Article 28.01 § 1(9) hearing.[3] A majority of the court of criminal appeals based its decision on two grounds. The first ground was its holding that the trial court properly concluded, based on conflicting evidence on the issue of inducement, that no inducement to commit the offense had occurred. 681 S.W.2d at 604. The conflict in *Soto* was between the testimony of the defendant and the undercover police officer and concerned the defendant's inducement to commit the offense. Here, the appellant's own testimony conflicts with his inducement claim: although he maintained Gallo induced him, he also testified that economic hardship "forced" him to commit the cocaine delivery. The trial court properly reconciled these conflicts in the appellant's testimony and concluded that Gallo did not induce the appellant to commit the offense. *Soto,* 681 S.W.2d at 604; *Carver,* 628 S.W.2d at 157–58.

*Rodriguez* indicates that a showing of inducement is a *preliminary* issue the trier of fact must resolve before applying the "objective" entrapment test. 662 S.W.2d at 355. We therefore hold that the trial court properly overruled appellant's motion to dismiss the indictment on entrapment grounds based on the appellant's failure to produce sufficient evidence to raise the entrapment defense, his initial burden under *Bush,* 611 S.W.2d at 430.

■ The trial court may have also concluded that appellant failed to show Gallo was a "law enforcement officer," the alternative basis for the decision of the court of criminal appeals in *Soto. See* 681 S.W.2d at 604. The record does not support the conclusion that Officer Spjut instructed Gallo to "make a case" against the appellant, 681 S.W.2d at 604, but reflects instead that Spjut learned the appellant's identity only after approving Gallo's previously arranged transaction. Similarly, there is nothing to suggest that Spjut exercised "general control" over Gallo, *see Id.,* since

the record indicates Gallo was a relatively inexperienced informant with whom Spjut had no prior experience.

We conclude the trial court properly overruled the appellant's Article 28.01 § 1(9) motion either because the appellant failed to show an inducement or because he failed to show that Gallo was a law enforcement agent. Either basis supports the conclusion that appellant failed to sufficiently raise the entrapment defense. We overrule the first point of error.

■ In his second point of error the appellant challenges the constitutionality of TEX.REV.CIV.STAT.ANN. art. 4476–15 § 4.03(d)(3), which sets punishment for delivery of more than 400 grams of a Penalty Group I substance at a minimum of fifteen years plus a fine. Appellant argues the statute violates due process and equal protection, presumably under the federal constitution, because the mandatory sentence precludes the possibility of probation under TEX.CODE CRIM.PROC.ANN. art. 42.12 §§ 3 & 3a (Vernon Supp.1989). Article 42.12 §§ 3 & 3a limits probatable sentences to those of ten years or less.

Absent interference with a fundamental right or a burden on a suspect class, neither of which apply here, constitutional due process and equal protection generally demand only a rational basis for legislatively created classifications. *Clark v. State,* 665 S.W.2d 476, 480–81 (Tex.Crim.App.1984) (en banc); *Smith v. State,* 737 S.W.2d 933, 938 & 939 (Tex.App.—Dallas, 1987, pet. ref'd), citing *United States ex rel. Daneff v. Henderson,* 501 F.2d 1180 (2d Cir.1974). This general rule applies to classifications creating punishments for criminal offenses. *Smith,* 737 S.W.2d at 938 & 939. Moreover, legislation which appears to affect similarly situated persons differently will not categorically offend the equal protection clause and it is ordinarily assumed that the legislature acted constitutionally in creating the classification. *Clements v. Fash-*

3. Neither the majority nor the appellate decision clearly shows that the issues in *Soto,* like the instant appeal, arose from denial of a pre-trial Article 28.01 § 1(9) motion. But Justice

Miller's dissent to the majority opinion of the court of criminal appeals indicates the *Soto* case arose in the same procedural context. *See* 681 S.W.2d at 602 n. 6 & 613 (Miller, J., dissenting).

*ing,* 457 U.S. 957, 962–63, 102 S.Ct. 2836, 2843–44, 73 L.Ed.2d 508 (1982). Here too, the test is whether the classification is rationally related to a legitimate state interest; we may set aside the classification only if it is based on reasons totally unrelated to the State's legislative purpose or if we can conceive of no grounds to justify the classification. 457 U.S. at 963, 102 S.Ct. at 2843.

We reject appellant's contention that the legislature lacked a rational basis when it proscribed probation for his offense. As our sister court noted in *Smith,* a delivery of a large quantity of illicit drugs, such as the quantity in excess of 400 grams of cocaine which the appellant delivered to Gallo, is likely intended for widespread use and delivery to others and necessarily increases the dangers to society which illicit drugs create. 737 S.W.2d at 938. This basis alone is rationally related to the state's legitimate interest in deterring unlawful deliveries and therefore provides sufficient rational basis for the legislature's proscribing probation for deliveries of amounts of 400 grams or more. We conclude that although appellant's fifteen year sentence precludes the possibility of probation, that minimal sentence under the statute offends neither the due process nor the equal protection clauses of the federal constitution. Accordingly, we overrule the second point of error.

We affirm the judgment of the trial court.

SEARS, J., not participating.