Juan **PEREZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. B14–91–0101–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 15, 1991.

Steven M. Greenlee, Houston, for appellant.

Scott A. Durfee, Houston, for appellee.

Before JUNEL, CANNON and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, Juan Perez, appeals his judgment of conviction for the offense of delivery of a controlled substance, namely, cocaine, weighing by aggregate weight, including any adulterants and dilutants, at least 400 grams. TEX. HEALTH AND SAFETY CODE ANN. §§ 481.102(3)(D) and 481.112(a), (d)(3) (Vernon Pamph.1991). The jury rejected appellant's not guilty plea and assessed punishment at fifteen years' confinement in the Institutional Division of the Texas Department of Criminal Justice and a fifteen dollar fine. We affirm.

■ Appellant, in his sole point of error, asserts that the trial court erred in not dismissing his case prior to trial pursuant to his pretrial Motion for Dismissal Due to Entrapment as a matter of law. We find that appellant did not establish his defense, of entrapment as a matter of law at the pretrial hearing to require the granting of his motion.

The trial court heard appellant's motion for dismissal before the trial on the merits commenced. At that hearing, appellant called one witness, Sergeant Joe Mora of the Texas Department of Public Safety. Mora testified that he first heard of appellant on April 4, 1989, when an informant, Marcus Ochoa, stated that he knew of a Hispanic male who was in the market to purchase large quantities of marijuana. Mora instructed Ochoa to set up a meeting between himself and the Hispanic male. On April 11, 1989, Ochoa contacted Mora and told him that they would meet with appellant in a couple of days to discuss a marijuana sale. On April 14, 1989, Mora met with appellant and Ochoa at a restaurant. Mora and appellant discussed the price and quality of the marijuana that Mora would supply to appellant. On April 18, 1989, appellant contacted Mora and said that he was having difficulty obtaining the

money to purchase the marijuana. On April 19, 1989, Mora met with appellant and Ochoa at a restaurant where appellant asked Mora for a sample of the marijuana for sale. Later that day, Mora met again with appellant and showed him approximately 600 pounds of marijuana. Later that night, appellant contacted Mora and said he was having a problem with an investor. On April 20, 1989, appellant called Mora and stated that because his main investor was unable to procure the money they needed, he was going to call off the marijuana deal. In the course of that conversation, appellant and Mora discussed a cocaine deal. Mora stated that he thought it was odd to discuss a cocaine deal when the marijuana deal fell through, and appellant stated that he was just trying to make money. During this conversation, appellant agreed to sell two kilograms of cocaine to Mora for $32,000. Ochoa did not participate in any of the cocaine deal negotiations between Mora and appellant. On April 21, 1991, Mora met with appellant and Ochoa and showed appellant the money. Appellant led Mora to a grocery store parking lot where appellant and his co-defendant, Jose Vela, delivered two kilograms of cocaine to Mora. Appellant and Jose Vela were then arrested. Mora testified he did not know appellant was under any economic hardship, nor did he know of Ochoa's role in the transaction.

After Sergeant Mora testified, appellant rested on the motion. Appellant did not testify. The trial court denied the motion.

■ In a pretrial hearing to determine whether the State entrapped appellant, a defendant must produce evidence sufficient to raise the defense under the statute. *Bush v. State*, 611 S.W.2d 428, 429 (Tex. Crim.App.1980).

The defense of entrapment is codified in TEX.PENAL CODE ANN. § 8.06. (Vernon 1974).

(a) It is a defense to prosecution that the actor engaged in the conduct charged because he was induced to do so by a law enforcement agent using persuasion or other means likely to cause persons to commit the offense. Conduct merely affording a person an opportunity to commit an offense does not constitute entrapment.

(b) In this section "law enforcement agent" includes personnel of the state and local law enforcement agencies as well as of the United States and any person acting in accordance with instructions from such agents.

■ The issue breaks down into two elements: (1) whether "the actor" was induced to engage in the conduct by a law enforcement agent; and (2) whether the means of inducement used were likely to cause "persons," not the actor, to commit the offense. *Bush*, 611 S.W.2d at 429. This is an objective test; the focus should rest on the State's actions. *Id.* at 430. The issue rests on what effect the agent's inducement would likely have upon persons generally. The defendant's criminal disposition is immaterial to this inquiry. *Cardona v. State*, 768 S.W.2d 823, 825 (Tex. App.—Houston [14th Dist.] 1989, pet. ref'd) (once inducement is established, focus shifts solely to the nature of State agent's activity without regard to the predisposition of the particular defendant to commit the offense charged.)

We find that, based upon the evidence before the court at the time that the defense rested on the motion, the court correctly denied the motion. No evidence was presented at the pretrial hearing that appellant was induced by anyone to commit the offense. Sergeant Mora's testimony only shows that an opportunity to commit the offense was given to appellant.

■ Appellant's testimony at trial is not relevant to a determination of whether the trial court abused its discretion in overruling the motion. When appellate courts are asked to determine whether the trial court erred in overruling a pretrial motion, the general rule is that the courts consider only evidence adduced at the hearing on that motion and do not resort to testimony subsequently elicited at trial because the ruling in issue was not based on the trial evidence. *Hardesty v. State*, 667 S.W.2d 130, 133 n. 6 (Tex.Crim.App.1984); *Miller v. State*, 736 S.W.2d 643, 647 (Tex.Crim.

App.1987); *see also Turner v. State,* 685 S.W.2d 38, 45 (Tex.Crim.App.1985) (evidence at trial not considered in review of trial court's denial of motion to quash); *Cardona,* 768 S.W.2d at 825 (at pretrial hearing on entrapment, if "defendant presents sufficient evidence to raise the defense at the hearing," burden then shifts). Appellant chose not to testify at the pretrial hearing and cannot thereafter complain of the court's ruling absent his testimony.

We find that because appellant failed to produce any evidence of inducement at the pretrial hearing, he did not sustain his burden of raising entrapment as a matter of law and the motion to dismiss was correctly denied. Appellant's sole point of error is overruled.

Accordingly, the judgment of the trial court is affirmed.