Michael WILLIAMS, Appellant,

v.

The STATE of Texas, Appellee.

No. A14–91–00826–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 4, 1993.

Gladys R. Coffney, Houston, for appellant.

Carol M. Cameron, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and ELLIS and LEE, JJ.

## OPINION

ELLIS, Justice.

Appellant, Michael Williams, appeals his judgment of conviction for the offense of bribery. TEX.PENAL CODE ANN. § 36.02(a)(3) (Vernon 1989). After the jury rejected appellant's not guilty plea, the trial court assessed punishment at eight (8) years confinement in the Institutional Division of the Texas Department of Criminal Justice. We affirm.

Appellant was a correctional officer assigned to the administrative segregation section of the Darrington Unit in Rosharon, Texas. Zachery Clayborne was an inmate housed in the section where appellant was assigned. Around April 3, 1990, marihuana was found in Clayborne's possession. While questioned by Captain Moriarty of the Texas Department of Criminal Justice, Clayborne revealed he and appellant had previous contacts. He also revealed that appellant had brought drugs into the Unit and that appellant had said he wanted to make some money fast. Clayborne also reported that appellant had made a phone call to Clayborne's wife in violation of the rules. Clayborne agreed to cooperate with Captain Moriarty to help setup a scheme to arrest appellant.

After hearing Clayborne's report, Captain Moriarty gave Clayborne a telephone number which belonged to a fictitious construction company. Clayborne's fictitious brother Rodney was supposed to work there. The plan was to have Clayborne provide appellant with the telephone number saying that his brother wanted appellant to deliver one-half pound of marihuana for $500.00. On April 8, Clayborne called appellant to ask him to deliver a half pound

of marihuana to the unit. He offered to pay him $500.00.

Appellant called the number provided Clayborne on April 10. He spoke to Grover W. Goodwell, Jr. of the Texas Department of Criminal Justice. Saying that he was Clayborne's brother Rodney, Goodwell was able to schedule a meeting with appellant at 7:45 p.m. on April 11. The two were to meet at the parking lot of the Gulfgate Mall on I–45. Although it was Goodwell who previously spoke with appellant, Officer Dennis Davis was recruited to play Rodney at the meeting. After being wired with a body mike, Davis met appellant at the scheduled time and place. The transaction was also videotaped.

Wanting to ensure that appellant would not take any marihuana before delivering it to Clayborne, Davis asked appellant whether he was "going to be legit with the shit?" Appellant replied "[y]eah, I'm going to be legit with it." Davis began counting the $500.00. After appellant asked him whether he had the marihuana, Davis replied yes and got the marihuana from his vehicle. Showing it to appellant, he said "[t]hat's the shit right here". Davis told appellant that he did not want him to skim off the top. He also said that if appellant properly conducted the deal, they could do business again. After placing the money and marihuana on appellant's seat, Davis gave the predetermined bust signal. Appellant was arrested. Officers recovered the $500.00 from the ashtray in appellant's car and the marihuana from the ground near appellant's car.

At trial, Captain Moriarty testified that if an employee of the Texas Department of Criminal Justice engages in the following activity, he has violated the rules and regulations of the Department. I.e., one must not associate with an inmate or contact a member of his family; one must also not accept payment for bringing marihuana into prison or bring marihuana into prison. Appellant brings six points of error on his appeal.

■ In his first point of error, appellant contends that the evidence was insufficient to sustain a conviction for bribery.

In reviewing a sufficiency of the evidence claim, the standard is whether, when viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Sharp v. State,* 707 S.W.2d 611, 614 (Tex. Crim.App.1986), *cert. denied,* 488 U.S. 872, 109 S.Ct. 190, 102 L.Ed.2d 159 (1988). In reviewing such a claim, we must not act as a 13th juror and substitute our judgment for that of the jurors. *Moreno v. State,* 755 S.W.2d 866, 867 (Tex.Crim.App.1988).

A person commits bribery if he intentionally or knowingly accepts or agrees to accept a benefit for violating a duty imposed by law on a public servant or party official. TEX.PENAL CODE ANN. § 36.02(a)(3). The evidence clearly shows that appellant agreed to accept and did accept, $500.00 to deliver one-half pound of marihuana to Clayborne. Appellant even admitted that he called the telephone number that Clayborne gave him. Although he denied receiving or accepting any money, and he denied committing the offense, the jury could have found to the contrary. Certainly, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found beyond a reasonable doubt that appellant accepted or agreed to accept a benefit and therefore committed the offense of bribery. Appellant's first point of error is overruled.

■ In his fourth point of error, appellant maintains that the indictment was fatally defective because it failed to allege appellant violated a duty imposed upon him as a public servant. He contends that this deletion was fatal in that it was an element of the offense. To preserve a complaint for appellate review, a party must present to the trial court a timely request, objection, or motion stating the specific ground if the specific ground is not apparent from the context. TEX.R.APP.P. 52(a) (Vernon Supp.1992). Appellant concedes that he made no objection at trial.

TEX.CODE CRIM.PROC.ANN. art. 1.14(b) (Vernon Supp.1992) provides that:

If the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information *before* the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any other postconviction proceeding.

■ Thus, if a defendant fails to object to a charging instrument prior to trial, he has waived review of the issue on appeal. *Ex Parte Morris v. State,* 800 S.W.2d 225, 227 (Tex.Crim.App.1990); *Studer v. State,* 799 S.W.2d 263, 273 (Tex.Crim.App.1990). Because appellant did not present a motion to quash the indictment prior to trial, he presents nothing for review.

■ However, even if we were to assume that appellant preserved error, the indictment in this case was not defective. Although appellant contends that the indictment failed to allege that he violated a duty imposed upon him as a public servant, such is not the case. The plain language of the indictment shows that this element was set out within the indictment. Count II of the indictment reads as follows:

It is further presented that in Harris County, Texas, MICHAEL WILLIAMS, ... heretofore on or about April 11, 1990, did then and there unlawfully, intentionally and knowingly accepted and agreed to accept from DENNIS DAVIS, a benefit, *as consideration for a violation of a duty imposed by law on the Defendant, a public servant employed by Texas Department of Criminal Justice Institutional Division.* (emphasis added).

■ In determining an indictment's construction, we must read it as a whole. We must not read it technically, but practically. *Whetstone v. State,* 786 S.W.2d 361, 365 (Tex.Crim.App.1990). The test is whether the indictment alleges an offense under the law. *Id.* While the exact statutory words do not have to be used, the meaning of the offense must be the same. TEX.CODE CRIM.PROC.ANN. art. 21.17 (Vernon 1989); *Ex Parte Burkett v. State,* 577 S.W.2d 265 (Tex.Crim.App.1979).

The language in the indictment is identical to the statute describing the offense. As stated previously, a person commits the offense of bribery if he intentionally or knowingly accepts or agrees to accept from another any benefit as consideration for a violation of a duty imposed by law on a public servant or party official. The language in the indictment regarding appellant's "violation of a duty imposed by law on the Defendant, a public servant employed by (sic) Texas Department of Criminal Justice Institutional Division", sufficiently alleged "a violation of a duty imposed by law on a public servant or party official." Moreover, as this language tracks the offense set out in TEX.PENAL CODE ANN. § 36.02(a)(3), appellant's fourth point of error is overruled.

■ Appellant complains of the trial court's jury charge in his second and fifth points of error. In reviewing charging errors, we must undertake a two-step process of review. The first requires us to determine whether there is any error in the charge. If we find error, we must then determine whether the error caused harm which is sufficient to warrant reversal. *Arline v. State,* 721 S.W.2d 348, 351 (Tex. Crim.App.1986). We find that there was no error in the trial court's charge to the jury.

■ In his second point of error, appellant asserts that the trial court committed reversible error in overruling his motion for a jury instruction on entrapment. When evidence from any source raises a defensive issue and a jury charge on the issue is properly requested, the issue must be submitted to the jury. TEX.PENAL CODE ANN. § 8.06(a) (Vernon 1974); *Moore v. State,* 574 S.W.2d 122, 124 (Tex.Crim.App. 1978). The defense of entrapment is available where the criminal design originated in the mind of government officials or their agents and they induced a defendant to commit a crime he would not otherwise commit. *Sebesta v. State,* 783 S.W.2d 811, 812 (Tex.App.—Houston [1st Dist.] 1990, pet. ref'd). *Lopez v. State,* 574 S.W.2d 563, 565 (Tex.Crim.App.1978). The issue here is whether appellant was induced to engage

in the crime by means likely to cause a person to commit it or rather he was merely afforded the opportunity to commit it. *Id. See also Perez v. State,* 816 S.W.2d 490 (Tex.App.—Houston [14th Dist.] 1991, no pet.). At the very core of the issue is the effect that the inducement would have upon persons generally. *Id; McEntyre v. State,* 717 S.W.2d 140, 145 (Tex.App.—Houston [1st Dist.] 1986, pet. ref'd). We find that there is absolutely no evidence of inducement in this case.

The evidence reflects that appellant was bringing drugs into prison. It also shows that appellant stated that he wanted to make some money fast. After being privy to this information, Captains Moriarty and Demny merely provided appellant the *opportunity* to commit the offense; they did not *induce* him to commit it. It was appellant who called the number and scheduled a meeting with Rodney. It was also appellant who met with Rodney, and accepted cash money and marihuana from Rodney. The officers merely supplied appellant with the opportunity to engage in activity of which he was already a part. Conduct merely affording a person an opportunity to commit an offense does not constitute entrapment. Moreover, there is also no evidence that if there was inducement, it was calculated to cause one to commit bribery. Furnishing an opportunity to commit a crime by providing a telephone number, money, and marihuana, is not calculated to cause persons to commit bribery. Because the record contains no evidence as to entrapment, the trial court did not err in refusing to submit a charge on entrapment.

█ In addition, although the "defense of entrapment is not available to a defendant that *denies* the commission of the offense", he does not have to admit committing the offense. *Norman v. State,* 588 S.W.2d 340, 345 (Tex.Crim.App.1979). Denial of the offense is inconsistent with claiming the defense because entrapment assumes the offense was committed. *Id.* A defendant "who pleads not guilty and who does not take the stand or offer any testimony inconsistent with [their] commission of the crime [is] still entitled to offer a defense of entrapment." *Id.* Because appellant took the stand and denied committing the offense, he was not entitled to a jury charge on entrapment. Appellant's second point of error is overruled.

Appellant's fifth point of error complains that the jury charge omitted an element of the crime. Specifically, appellant contends that the jury charge did not state that the duty imposed on appellant was in his capacity as a public servant. However, the trial court's jury charge tracked the indictment set forth in point of error four above. In reply to this point we held that the indictment sufficiently alleged the elements of the offense of bribery. Because we held that the indictment sufficiently alleged the elements of bribery and the charge tracked the indictment, the court's charge was sufficient. Appellant's fifth point of error is overruled.

█ In his third point of error, appellant contends that the plan, scheme, and design perpetrated against defendant was outrageous governmental conduct of such an egregious nature as to warrant dismissal of the indictment. In support of this contention, he relies only upon dissenting opinions for support. Not being Texas precedent, dissenting opinions do not bind this court. As this point of error is merely conclusory and cites no authority directly in support of his contention, appellant presents nothing for review. *McWherter v. State,* 607 S.W.2d 531, 536 (Tex.Crim.App. 1980). Appellant's fifth point of error is overruled.

█ In his sixth point of error, appellant complains that the court erred in overruling his objections to the testimony of Captain Goodwell. He contends that this testimony violated numerous rules of evidence and was not proper rebuttal testimony. In support of this point of error, appellant presents only general and multiple allegations. He has failed to specify the error upon which complaint is made. He has also failed to specify where in the record the trial court admitted allegedly inadmissible evidence, and has failed to specify which evidence was allegedly erroneously admitted. Appellant merely refers

to "pages 542 to 595 S.F. Vol. 5". He has also failed to specify the basis for the particular evidence being inadmissible.

His failure to specify these alleged errors renders any response impossible. First, we cannot determine the "evidence" of which appellant complains. Without identification of the evidence, no proper analysis can be conducted, much less completed. In other words, we cannot determine whether appellant preserved error, whether he objected, or objected timely and with specificity, whether the trial court adversely ruled against appellant or admitted the evidence without appellant's objection, or whether the trial court properly admitted the evidence or appellant elicited the same evidence elsewhere. We also cannot determine whether appellant waived error or whether any error was harmless. Having failed to identify with specificity the complained of evidence, appellant presents nothing for review. *Green v. State,* 682 S.W.2d 271, 292 (Tex.Crim.App.1984), *cert. denied,* 470 U.S. 1034, 105 S.Ct. 1407, 84 L.Ed.2d 794 (1985).

Further, having cited to numerous places in the record and having stated numerous grounds as support, appellant presents a multifarious point of error and presents nothing for review. Tex.R.App.P. 74(d) (Vernon Supp.1992). *See also Stoker v. State,* 788 S.W.2d 1, 18 n. 14 (Tex.Crim. App.1989), *cert. denied,* 498 U.S. 951, 111 S.Ct. 371, 112 L.Ed.2d 333 (1990). Tex. R.App.P. 74(d) provides that:

> In parentheses after each point, reference shall be made to the page of the record where the matter complained of is to be found. A point of error is sufficient if it directs the attention of the appellate court to the error about which complaint is made.

Because appellant brings a multifarious and unsupported claim, his sixth point of error is overruled.

Accordingly, the judgment of the trial court is affirmed.