**Affirmed and Memorandum Opinion filed April 16, 2015.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-14-00015-CR

_____

**HERBERT RAY WILSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 174th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1133069**

## M E M O R A N D U M   O P I N I O N

Appellant Herbert Ray Wilson was convicted of capital murder and sentenced to life in prison with the possibility of parole. He challenges his sentence on the ground that the denial of an individualized sentencing hearing violates the United States and Texas Constitutions. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Appellant was convicted of capital murder and sentenced to life in prison without the possibility of parole. On original submission, appellant argued that (1) his confession was involuntary, and (2) a mandatory sentence of life without the possibility of parole violated the Eighth Amendment because he was a juvenile at the time of the offense. This court affirmed appellant's conviction and sentence. *Wilson v. State*, 348 S.W.3d 32, 44 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd). On petition for writ of certiorari, the United States Supreme Court vacated the judgment and remanded the case for further consideration in light of *Miller v. Alabama*, 567 U.S. —, 132 S. Ct. 2455 (2012). *Wilson v. Texas*, — U.S. —, 133 S. Ct. 108, 108 (2012). In view of *Miller*, this court remanded the case to the trial court for a new punishment hearing. *Wilson v. State*, No. 14-09-01040-CR, 2012 WL 6484718, at *2 (Tex. App.—Houston [14th Dist.] Dec. 13, 2012, no pet.) (not designated for publication). While the case was on remand, the legislature amended Texas Penal Code section 12.31(a) to read as follows:

> (a)    An individual adjudged guilty of a capital felony in a case in which the state seeks the death penalty shall be punished by imprisonment in the Texas Department of Criminal Justice for life without parole or by death. An individual adjudged guilty of a capital felony in a case in which the state does not seek the death penalty shall be punished by imprisonment in the Texas Department of Criminal Justice for:
>
> (1)    life, if the individual committed the offense when younger than 18 years of age; or
>
> (2)    life without parole, if the individual committed the offense when 18 years of age or older.

Tex. Penal Code Ann. § 12.31(a) (West Supp. 2014).[1] On December 12, 2013, the

---

[1] The 2013 Session Laws amending this section in response to *Miller v. Alabama* include a savings clause making it applicable to cases pending and on appeal when the provision went

trial court sentenced appellant to confinement in the Institutional Division of the Texas Department of Criminal Justice for life with the possibility of parole in 40 years. *See* Tex. Gov't Code Ann. § 508.145(b) (West Supp. 2014). Appellant timely appealed.

ANALYSIS

In four issues, appellant contends that Texas Penal Code section 12.31(a)(1) violates both the United States and Texas Constitutions because it does not provide for individualized sentencing hearings. We consider each issue in turn.

## A.   The denial of an individualized sentencing hearing did not violate the Eighth Amendment.

In his first issue, appellant claims that under the Eighth Amendment, a juvenile offender is entitled to an individualized sentencing hearing before being assessed a mandatory sentence of life imprisonment with the possibility of parole. Under *Miller*, a sentencing scheme for juvenile offenders that mandates life in prison without the possibility of parole violates the Eighth Amendment. 132 S.Ct. at 2469. Noting that *Miller* did not forbid mandatory sentencing schemes per se, the Court of Criminal Appeals refused to extend the holding in *Miller* to situations identical to the one presented here: a mandatory sentence for a juvenile offender of life in prison with the possibility of parole. *Lewis v. State*, 428 S.W.3d 860, 863 (Tex. Crim. App. 2014); *see Turner v. State*, 443 S.W.3d 128, 129 (Tex. Crim. App. 2014) (per curiam); *Lewis v. State*, 448 S.W.3d 138, 146 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd). The court held that juvenile offenders sentenced to life imprisonment with the possibility of parole are not entitled to

---

into effect on July 22, 2013. Act of July 11, 2013, 83rd Leg., 2d C.S., ch. 2, § 3, 2013 Tex. Gen. Laws 5020, 5020–21; *see Lewis v. State*, 428 S.W.3d 860, 863 n.6 (Tex. Crim. App. 2014).

individualized sentencing hearings. *Lewis*, 428 S.W.3d at 864. We are bound in criminal cases to follow decisions of the Court of Criminal Appeals. *Lewis*, 448 S.W.3d at 146. Appellant's first issue is overruled

**B.      The denial of an individualized sentencing hearing did not violate the Due Process Clause.**

In his second issue, appellant claims that under the Due Process Clause, a juvenile sentenced to life with the possibility of parole is entitled to an individualized sentencing hearing. A number of Texas Courts of Appeals, including this one, have determined mandatory sentencing statutes generally do not violate due process. *Id.* at 147; *see e.g., Laird v. State*, 933 S.W.2d 707, 715 (Tex. App.—Houston [14th Dist.] 1996, pet. ref'd) (mandatory life sentence for capital murder did not violate due process); *Cardona v. State*, 768 S.W.2d 823, 827 (Tex. App.—Houston [14th Dist.] 1989, no pet.) (mandatory sentence for delivery of cocaine did not violate due process). Because appellant offers no reason for deviating from this line of cases, we overrule his second issue.

**C.      The denial of an individualized sentencing hearing did not violate the "cruel or unusual punishment" prohibition of article I section 13 of the Texas Constitution.**

In his third issue, appellant claims that under the "cruel or unusual punishment" prohibition of article I section 13 of the Texas Constitution, a juvenile offender is entitled to an individualized sentencing hearing before being assessed a mandatory sentence of life imprisonment with the possibility of parole. *See* Tex. Const. art. I, § 13. Appellant asserts that rights under article I section 13 of the Texas Constitution should be interpreted more broadly than rights under the Eighth Amendment. In support of this proposition, appellant notes that article I section 13 prohibits "cruel *or* unusual punishment" while the Eighth Amendment prohibits "cruel *and* unusual punishment." The Court of Criminal Appeals has rejected the

4

distinction appellant proposes. *See Cantu v. State*, 939 S.W.2d 627, 639 (Tex. Crim. App. 1997). Therefore, an analysis of this issue under the Texas Constitution is identical to an analysis under the United States Constitution. As we have previously determined that appellant is not entitled to an individualized sentencing hearing under the Eight Amendment, we overrule his third issue.

**D.    The denial of an individualized sentencing hearing did not violate article I section 19's "due course of law" guarantee.**

In his fourth issue, appellant claims that under Texas Constitution article I section 19's "due course of law" guarantee, a juvenile sentenced to life with the possibility of parole is entitled to an individualized sentencing hearing. We have already concluded that the denial of an individualized hearing did not violate appellant's due process rights under the Fourteenth Amendment. Texas courts consistently have found no distinction in this context between the rights afforded by the "due course of law" clause of article I section 19 and those afforded by the Due Process Clause of the Fourteenth Amendment. *See Lewis*, 448 S.W.3d at 147. Appellant offers no discernable reason for finding a distinction in this case. Accordingly, we overrule this issue.

**CONCLUSION**

Having overruled each of appellant's issues on appeal, we affirm the trial court's judgment.

/s/     Marc W. Brown
        Justice

Panel consists of Justices Jamison, Busby, and Brown.

Do Not Publish — Tex. R. App. P. 47.2(b).