**Affirmed and Opinion filed July 16, 2015.**



In The

# Fourteenth Court of Appeals

### NO. 14-14-00389-CR

### ERIC LOPEZ, Appellant

### V.

### THE STATE OF TEXAS, Appellee

### On Appeal from the 337th District Court
### Harris County, Texas
### Trial Court Cause No. 1372079

## O P I N I O N

Appellant, Eric Lopez, was charged by indictment with indecency with a child, which included an enhancement paragraph alleging a prior conviction for indecency with a child. A jury convicted appellant of the charged offense and found the enhancement allegation to be "true." Appellant was sentenced to a mandatory sentence of life imprisonment pursuant to Texas Penal Code Section 12.42(c)(2). *See* Tex. Penal Code Ann. § 12.42 (c)(2) (West, Westlaw through 2015 R.S.).

In three issues, appellant contends (1) the automatic life sentencing requirement violates the state and federal constitutions, (2) appellant was denied effective assistance of counsel, and (3) the trial court erred in admitting evidence of an extraneous offense. We affirm.

## I. MANDATORY IMPOSITION OF LIFE SENTENCE

In his first issue, appellant contends that the mandatory sentence of life imprisonment under Texas Penal Code Section 12.42(c)(2) violates the constitutional prohibition against cruel and unusual punishment found in the Eighth Amendment and deprives him of due process of law under the Fourteenth Amendment to the United States Constitution and Article 1, Section 13 of the Texas Constitution.[1] *See* U.S. CONST. amend. VIII, XIV; TEX. CONST. art. 1, § 13; Tex. Penal Code Ann. § 12.42(c)(2). Section 12.42(c)(2) provides that a defendant shall be punished by imprisonment in the Texas Department of Criminal Justice for life if he is convicted of indecency with a child and has previously been convicted of indecency with a child. *See* Tex. Penal Code Ann. § 12.42(c)(2); *see also id*. § 21.11(a)(1) (West, Westlaw through 2015 R.S.).

Relying on *Penry v. Lynaugh*, 492 U.S. 302 (1989), appellant asserts that the mandatory imposition of the life sentence is unconstitutional under the Eighth and Fourteenth Amendments because Section 12.42(c)(2) provides no opportunity for the presentation of mitigating evidence. Appellant asserts that, even though his conviction did not involve the punishment of death, mitigating evidence should be considered to avoid constitutional violations. *See id.*, 492 U.S. at 328 (holding

---

[1] Appellant cites Article 1, Section 13 of the Texas Constitution; however, he presents no argument explaining how the Texas Constitution offers greater protection than the United States Constitution. Accordingly, he has not preserved that claim for review. *See Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009); *Baldridge v. State*, 77 S.W.3d 890, 894 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd) (citing *Puga v. State*, 916 S.W.2d 547, 550 (Tex. App.—San Antonio 1996, no pet.)).

"when the choice is between life and death, that risk is unacceptable and incompatible with the commands of the Eighth and Fourteenth Amendments."). Yet, the sentence at issue here is life imprisonment and not a death sentence; therefore, the *Penry* holding is inapplicable.

The Eighth Amendment provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." *See* U.S. CONST. amend. VIII. Criminal sentencing is a matter left to "legislative prerogative." *See Harmelin v. Michigan*, 501 U.S. 957, 961–962 (1991) (Scalia, J., announcing judgment of the Court; Kennedy, J., concurring) (overruling an Eighth Amendment objection to a mandatory life-without-parole sentence). The *Harmelin* court determined that individualized sentencing shall not apply to a term-of-years sentence because no sentence compares with the severity of a capital sentence, stating:

> . . . [T]his claim [Eighth Amendment objection] has no support in the text and history of the Eighth Amendment. Severe, mandatory penalties may be cruel, but they are not unusual in the constitutional sense, having been employed in various forms throughout our Nation's history. . . . There can be no serious contention, then, that a sentence which is not otherwise cruel and unusual becomes so simply because it is "mandatory."

*Id*. at 994–95.

Therefore, the Eighth Amendment does not grant to a criminal defendant the right to present mitigating evidence when the State seeks a term-of-years sentence, as it did here under Section 12.42(c)(2). *See* Tex. Penal Code Ann. § 12.42(c)(2); *Harmelin*, 501 U.S. at 994–95; *Ex Parte Chavez*, 213 S.W.3d 320, 324 n.20 (Tex. Crim. App. 2006) (denying complaint that due process required new punishment proceeding and mentioning the Eighth Amendment does not mandate individualized sentencing in non-capital cases); *see also Lewis v. State*, 428

S.W.3d 860, 862–64 (Tex. Crim. App. 2014) (deciding in a capital case, the mandatory life sentence under Texas Penal Code Section 12.31 did not present an Eighth Amendment violation).

Additionally, this court and a sister court have determined that the mandatory life sentencing statute does not violate the Eighth Amendment. *See Lewis v. State*, 448 S.W.3d 138, 147 (Tex. App.—Houston [14th Dist.] 2014, pet ref'd) *pet. for cert. filed* (considering a due process challenge in a capital case and holding mandatory sentencing statutes do not violate due process) (citing *Moore v. State*, 54 S.W.3d 529, 544 (Tex. App.—Fort Worth 2001, pet. ref'd)); *see also Paolilla v. State*, 342 S.W.3d 783, 791 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd) (involving Texas Penal Code Section 12.31 and holding that, in a capital case, mandatory life sentence to 17-year-old defendant did not amount to cruel and unusual punishment and did not violate the Eighth Amendment); *Wilkerson v. State*, 347 S.W.3d 720, 722–23 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd) (construing Texas Penal Code Section 12.31, imposing mandatory life imprisonment without parole in capital murder case where State did not seek the death penalty, and concluding the Eighth Amendment constitutional challenge failed); *Welch v. State*, 335 S.W.3d 376, 380 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd) (holding in a non-capital case where a fifteen-year sentence was imposed, the Eighth Amendment did not require the trial court to consider mitigating evidence of mental health); *Cardona v. State*, 768 S.W.2d 823, 827 (Tex. App.—Houston [14th Dist.] 1989, no pet.) (concluding the Legislature had rational basis to impose mandatory sentence and, therefore, was not violative of due process); *see also Duran v. State*, 363 S.W.3d 719, 722–23 (Tex. App—Houston [1st Dist.] 2011, pet. ref'd) (deciding that mandatory life sentence under Section 12.42(c)(2) did not violate the Eighth Amendment).

4

Without presenting argument on the contention, appellant also claims his due process rights under the Fourteenth Amendment were violated by the imposition of the mandatory life sentence on the same basis; specifically, that it precludes the jury's consideration of mitigating evidence. We reject appellant's due process challenge to Section 12.42(c)(2), as did the *Moore* court:

> Constitutional due process demands a rational basis for legislatively-created classifications creating punishment schemes for criminal offenses. *Smith v. State*, 737 S.W.2d 933, 939–39 (Tex. App.—Dallas 1987, pet. ref'd). Although a defendant must be afforded some degree of due process at sentencing, the same degree of process is not required at sentencing as at trial. *U.S. v. Rochester*, 898 F.2d 971, 981 (5th Cir. 1990). The test is whether the punishment scheme is rationally related to a legitimate state interest.

*Moore*, 54 S.W.3d at 544 (citing *Williams v. State*, 10 S.W.3d 370, 372–73 (Tex. App.—Tyler 1999, pet. ref'd).

We hold that the mandatory life sentence imposed under Texas Penal Code Section 12.42(c)(2) is not unconstitutional under either the Eighth or Fourteenth amendments to the United States Constitution. We overrule appellant's first issue.

## II. ASSISTANCE OF COUNSEL

To prevail on an ineffective-assistance claim, an appellant must establish (1) trial counsel's representation fell below the objective standard of reasonableness, based on prevailing professional norms, and (2) there is a reasonable probability that the result of the proceeding would have been different but for counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 688–92 (1984); *see Hernandez v. State*, 726 S.W.2d 53, 55–57 (Tex. Crim. App. 1986) (holding *Strickland* standard applies to ineffective-assistance claims under Texas Constitution).

We indulge a strong presumption that counsel's actions fell within the wide range of reasonable professional behavior and were motivated by sound trial strategy. *Strickland*, 466 U.S. at 689; *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Thus "the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Thompson*, 9 S.W.3d at 812. The presumption is overcome only when evidence of ineffective assistance is "firmly founded and affirmatively demonstrated in the record." *Melancon v. State*, 66 S.W.3d 375, 378 (Tex. App.— Houston [14th Dist.] 2001, pet. ref'd) (citing *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996)). The totality of the representation is the appropriate context; counsel is not to be judged on isolated portions of his representation. *Strickland*, 466 U.S. at 688. Our review of counsel's performance is highly deferential, beginning with the strong presumption counsel's actions were reasonably professional and motivated by sound trial strategy. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).

Where there is no record explaining the underlying reasons for counsel's conduct, we will not speculate about them. *Perez v. State*, 56 S.W.3d 727, 731 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd) (citing *Gamble v. State*, 916 S.W.3d 92, 93 (Tex. App.—Houston [1st Dist.] 1996, no pet.)); *see also Ex parte Varelas*, 45 S.W.3d 627, 623 (Tex. Crim. App. 2001). The presumption is not rebutted where the record is silent as to counsel's rationale for his trial strategy. *Perez*, 56 S.W.3d at 732. We will not find ineffective assistance unless counsel's conduct was "so outrageous that no competent attorney would have engaged in it." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005).

> [I] is not sufficient that the appellant show, with the benefit of hindsight, that his counsel's actions or omissions during trial were merely of questionable competence. *Mata v. State*, 226 S.W.3d 425,

430 (Tex. Crim. App. 2005). Rather, to establish that the attorney's acts or omissions were outside the range of professionally competent assistance, appellant must show that counsel's errors were so serious that he was not functioning as counsel. *Patrick v. State*, 906 S.W.2d 481, 495 (1995).

*Wert v. State*, 383 S.W.3d 747, 752 (Tex. App.—Houston [14th Dist.] 2012, no pet.).

Appellant complains of one instance of ineffective assistance, contending his counsel performed deficiently and mislead the jury when, at the punishment phase, he asked the jury to render a "true" verdict:

> Ladies and gentlemen of the jury, you took an oath to examine the evidence carefully, to read the law and Court's instructions that the Court is going to give you and to render a *true verdict*. That's what we're asking you to do. I want you to carefully consider the evidence that you're going to be given, that you have been given and *decide whether that enhancement paragraph is true or not and render a true verdict*. That's what Mr. Lopez is asking you to do. Thank you.

(Emphasis added).

In his appellate brief, appellant asserts that this statement "may have only intended to remind the jurors of their oaths it was still a dangerous phrase to use." He further suggests that this statement invited the jury to find "true" to the enhancement paragraph, which mandated the automatic life sentence. We disagree.

The record reflects that, pursuant to Texas Code of Criminal Procedure article 35.22, the trial court administered the follow oath of the jurors:

> You and each of you do solemnly swear that in the case of the State of Texas against the defendant, you will render a *true verdict* according to the law and the evidence, so help you God.

*See* Tex. Code Crim. Proc. Ann. art. 35.22 (West, Westlaw through 2015 R.S.) (Emphasis added).

We conclude that, when construing counsel's argument in its entirety, it is clear counsel was not inviting the jury to answer "true" to the enhancement paragraph. Rather, counsel emphasized that the jury must decide whether the enhancement paragraph was "true" or "not true" and then render a "true verdict," meaning an accurate verdict, consistent with the juror oath. Therefore, counsel's statement in closing argument was not "so outrageous that no competent attorney would have engaged in it." *See Goodspeed*, 187 S.W.3d at 392.

Additionally, appellant entered a plea of "not true" to the enhancement allegation when he was arraigned in the jury's presence. Thus, appellant's plea further supports that counsel was not asking the jury to answer "true" to the enhancement paragraph.

Finally, in the punishment phase charge, the trial court instructed:

The enhancement paragraph of the indictment alleges that before the commission of the offense for which you have found the defendant guilty, . . . the defendant was convicted of the felony offense of indecency of a child. To this allegation in the enhancement paragraph of the indictment the defendant has pleaded "not true".

If you believe from the evidence beyond a reasonable doubt that the allegations set out in the enhancement paragraph of the indictment are true, you will state in your verdict that you find "true" the allegations of the enhancement paragraph of the indictment; but unless you so believe, or if you have a reasonable doubt thereof, you will answer "not true" to the allegations of the enhancement paragraph of the indictment.

In so doing, the trial court charged the jury that appellant pleaded "not true" to the enhancement paragraph and the jury must find "true" or "not true" on enhancement. Therefore, again, the trial court's instruction reinforced to the jury that counsel was not asking the jury to find the enhancement paragraph "true."

8

Instead, counsel was urging the jury to make the decision it considered "true" under the facts of the case.

Therefore, having reviewed the totality of the representation, we conclude appellant has not met his burden on his ineffective-assistance claim. *See Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 1990) (en banc) (citing *McFarland v. State*, 845 S.W.2d 824, 843, *overruled on other grounds* by *Bingham v. State*, 915 S.W.2d 9 (Tex. Crim. App. 1992)). We overrule appellant's second issue.

### III. EVIDENCE OF EXTRANEOUS OFFENSE

In his third issue, appellant contends the trial court erred by admitting evidence of an extraneous offense of indecency with a child because under Texas Rule of Evidence 403, its probative value was substantially outweighed by the danger of unfair prejudice. *See* Tex. R. Evid. 403 (providing that the court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence.").

Here, appellant lodged numerous objections at trial challenging the admissibility of witness testimony. He never asserted a Rule 403 objection as to the extraneous offense of indecency with a child. Thus, because appellant urges a different legal theory on appeal than what he presented to the trial court, he has waived his Rule 403 argument. *See* Tex. R. App. P. 33.1(a) (requiring that to preserve appellate complaint, party must present objection to trial court with sufficient specificity to make trial court aware of complaint, and obtain ruling); *Wilson v. State*, 71 S.W.2d 346, 349 (Tex. Crim. App.2002) (holding that to preserve error, the complaining party's trial objection must be the same as the appellate complaint). We overrule appellant's third issue.

9

Having overruled appellant's three issues, we affirm.


/s/    John Donovan
        Justice


Panel consists of Justices Christopher, Donovan, and Wise.
Publish — Tex. R. App. P. 47.2(b).