**Affirmed and Memorandum Opinion issued August 8, 2017.**



In the

# Fourteenth Court of Appeals

NO. 14-16-00846-CR
NO. 14-16-00847-CR

**PETER GOLDMAN LEVY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 183rd District Court
Harris County, Texas
Trial Court Cause Nos. 1499548 and 1499549**

## MEMORANDUM OPINION

Appellant Peter Goldman Levy was convicted by the trial court of aggravated assault with a deadly weapon and of being a felon in possession of a firearm. The trial court assessed punishment at confinement for twenty-five years. Appellant challenges his convictions, arguing that the records failed to show he knowingly and intentionally waived his right to a jury trial and that he suffered harm. Because the

judgments recite the waiver of jury trial and there is no direct evidence to the contrary, we affirm.

## I. BACKGROUND

On May 6, 2015, appellant shot complainant Reginald Mathews in the neck with a pistol. Mathews ran to a friend's home, and his friend called 9-1-1. The friend told the dispatcher appellant was the suspected shooter. Police officers went to appellant's home, but he was not there. Appellant's roommate phoned appellant to return. When appellant arrived, he told the officers that he had shot Mathews and where to find the gun. The officers found the gun, and forensic testing confirmed that it was used to shoot Mathews.

Appellant was charged by indictment with being a felon in possession of a firearm. The indictment included two enhancement paragraphs for prior felonies. Appellant was also charged with aggravated assault with a deadly weapon. This indictment also included two enhancement paragraphs for additional prior felonies. Appellant pleaded not guilty to the offenses and true to all the enhancement paragraphs. After a trial to the court, the trial court found appellant guilty of both offenses and sentenced him to two concurrent terms of twenty-five years in the Institutional Division of the Texas Department of Correctional Justice.

No written waiver of trial by jury appears in the record of either case. The record in both cases includes several case reset forms signed by appellant stating that the cases were set for "Ct. Trial," "Ctrl," "Ct trial," "CT," and "Crt TRL." Each judgment is captioned "Judgment of Conviction by Court—Waiver of Jury Trial." Each judgment states that "Defendant waived the right of trial by jury and entered the plea indicated above. The Court then admonished Defendant as required by law." Appellant timely appealed both cases.

## II.     ANALYSIS

In a single issue, appellant argues that the record in his cases failed to show he knowingly and intentionally waived his right to a jury trial and that he suffered harm because the lack of written waiver affected his substantial rights.

Appellant argues that his convictions must be reversed because the records in his cases do not contain a written waiver of a jury trial as required by article 1.13(a) of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. art. 1.13(a) (West 2015) ("The defendant . . . shall have the right, upon entering a plea, to waive the right of trial by jury, conditioned, however, that . . . the waiver must be made in person by the defendant in writing in open court with the consent and approval of the court, and the attorney representing the state. The consent and approval by the court shall be entered of record on the minutes of the court, and the consent and approval of the attorney representing the state shall be in writing, signed by that attorney, and filed in the papers of the cause before the defendant enters the defendant's plea."). The absence of a written jury waiver under article 1.13(a) constitutes statutory, not constitutional, error. *See Johnson v. State*, 72 S.W.3d 346, 348 (Tex. Crim. App. 2002). Therefore, we analyze harm under rule 44.2(b) of the Texas Rules of Appellate Procedure and consider whether the error affected the defendant's "substantial rights." *See id.* (citing Tex. R. App. P. 44.2(b)).

In *Johnson*, the Court of Criminal Appeals held the lack of a written waiver in violation of article 1.13(a) is not harmful where the record reflects that the defendant waived his right to a jury trial. *Id.* at 349. Like both of the judgments in appellant's cases, the judgment in *Johnson* recited that the defendant "waived trial by jury." *See id.* Use of the term "waive" presumes knowledge because "to waive a right one must do it knowingly—with knowledge of the relevant facts." *Id.* (citing Black's Law Dictionary 1276 (7th ed. abridged 2000)). Furthermore, "waiver" is

defined as the "act of waiving or intentionally relinquishing or abandoning a known right, claim, or privilege." *Id.* (citing Webster's Third Int'l Dictionary 2570 (1966)). Such a recitation of a waiver of jury trial is "binding in the absence of direct proof of [its] falsity." *Id.* (citing *Breazeale v. State*, 683 S.W.2d 446, 450 (Tex. Crim. App. 1984) (op. on reh'g)). Without such direct proof, the defendant cannot overcome the presumption of regularity in the judgment. *See id.*

In addition to the express recitations in the judgments, both records contain multiple case reset forms, each signed by appellant, indicating that the "type of setting" in appellant's cases was a court trial. *See Jackson v. State*, 76 S.W.3d 798, 803 (Tex. App.—Corpus Christi 2002, no pet.) (finding no harm per *Johnson* where there were "several continuances and re-settings for the bench trial" and appellant received bench trial she requested). Therefore, although article 1.13(a) was violated, appellant, like the defendant in *Johnson*, was not harmed by such violation because the record reflects that appellant was aware of his right to a jury trial and opted for a bench trial. *See* 72 S.W.3d at 349.

Although appellant acknowledges the holding in *Johnson*, he contends that this court instead should adopt the dissent's position in *Johnson* and find harm because the record does not affirmatively reference appellant's written or oral waiver. *See id.* at 352 (Johnson, J., dissenting). However, as an intermediate appellate court, we are bound to follow the majority opinion in *Johnson*. *See Williams v. State*, 848 S.W.2d 777, 781 (Tex. App.—Houston [14th Dist.] 1993, no pet.) ("[D]issenting opinions do not bind this court.").

Appellant also cites an unpublished opinion from our court, *Jetson v. State*, No. 14-13-00629-CR, 2014 WL 3778829, at *4 (Tex. App.—Houston [14th Dist.] July 31, 2014, pet. ref'd) (mem. op.). Appellant distinguishes his case from *Jetson*, asserting that in his case there was no detailed colloquy regarding waiver. We first

4

note *Jetson* is an unpublished opinion that does not bind us. *See* Tex. R. App. P. 47.7(a). Additionally, in *Jetson* we applied *Johnson* and concluded that the defendant failed to overcome the judgment's recitation of waiver. *See Jetson*, 2014 WL 3778829, at *2, 4 (defendant's statement that "colloquy is insufficient" is not evidence that judgment's recitation of waiver is false).

Finally, appellant points to evidence during the punishment phase that he suffers from mental-health issues in support of finding harm. However, there is no indication that appellant's history of post-traumatic stress disorder would have any effect on his ability to waive a jury trial. Appellant therefore has failed to overcome the regularity of the judgments. *See Johnson*, 72 S.W.3d at 349.

We overrule appellant's sole issue.

### III. CONCLUSION

We affirm the trial court's judgments.

/s/     Marc W. Brown
        Justice


Panel consists of Justices Christopher, Brown, and Wise.
Do Not Publish — TEX. R. APP. P. 47.2(b).

5