**Jerry Lee WILLIAMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 12–98–00294–CR.**

Court of Appeals of Texas,
Tyler.

Sept. 30, 1999.

As Corrected Dec. 7, 1999.

Discretionary Review Refused
Jan. 5, 2000.

Richard Kennedy, Tyler, for Appellant.

Edward J. Marty, Tyler, for Appellee.

Panel consisted of RAMEY, Jr., C.J., HADDEN, J., and WORTHEN, J.

JIM WORTHEN, Justice.

Jerry Lee Williams appeals his conviction for the offense of sexual assault of a child. His indictment included a paragraph alleging that he had previously been convicted of aggravated sexual assault of a child. A jury found against Appellant on both the primary offense and the allegation of the prior conviction. Pursuant to Section 12.42(c)(2) of the Texas Penal Code, Appellant received an automatic life sentence. In his sole issue, he complains that the sentencing scheme set out in Section 12.42(c)(2) is unconstitutional because it violated his right to due process provided by both the Texas and Federal Constitutions by arbitrarily mandating a sentence of life imprisonment. We will affirm.

In the punishment phase, the jury, after affirming that they had found Appellant guilty of the primary offense, found Appellant had previously been convicted of aggravated sexual assault of a child. They were then instructed by the trial court to answer the special issue on punishment. It is at this point in the trial that Appellant complains that the Texas Legislature usurped the jury's decision-making power in that mandatory life was the only sentence that they could return. Although Appellant recognizes that the Legislature in Texas has authority over sentencing schemes, he maintains that this authority was not exercised within the constraints of due process since the jury could not consider facts that could have mitigated against a life sentence.

Effective September 1, 1997, the legislature enacted section 12.42(c)(2) of the Texas Penal Code concerning repeat offenders. TEX. PEN.CODE ANN. § 12.42(c)(2) (Vernon 1997). This provision of the Penal Code provides for a mandatory life sentence when a defendant is convicted of sexual assault under section 22.011 of the Penal Code and has previously been convicted of an offense under 22.011. *Id.* The constitutionality of this statute has never before been challenged; therefore, we

must look to the constitutional review of other statutes to resolve this issue.

 Due process requires evenhandedness and fairness in governmental actions that deprive individuals of life and liberty. Due process does not ensure a defendant a substantive right to a particular sentence; rather, due process guarantees that a sentence must be authorized statutorily. *See United States v. Williams,* 937 F.2d 979 (5th Cir.1991). Historically, one reason for incarceration is to punish and incapacitate a criminal offender. Leonard Territo, James B. Halsted and Max L. Bromley, CRIME AND JUSTICE IN AMERICA: A HUMAN PERSPECTIVE (West 3d ed.1992). Also, a punishment should be appropriate, considering the individual and the crime. It follows then that due process is not violated when a repeat offender is given a longer sentence for a particular crime than a first-time offender. The law in Texas has long been that there is no constitutional guarantee to a trial by jury on the issue of punishment and that the legislature is the ultimate authority on the issue of the range of punishment for crimes. *Ex parte Marshall,* 72 Tex.Crim. 83, 161 S.W. 112 (1913); *Buhl v. State,* 960 S.W.2d 927, 935 (Tex.App.—Waco 1998, pet. ref'd).

In *Ex parte Moser,* 602 S.W.2d 530, 533 (Tex.Cr.App.1980), the court reviewed the constitutionality of a section of the Adult Probation, Parole, and Mandatory Supervision Law which allowed the trial court to incarcerate an individual for a specific number of days on a finding of the use of a deadly weapon during commission of an offense, even though the jury recommended probation. *Moser* is instructive in our review. The issue addressed was whether or not the statute infringed on Mozer's right to have a jury assess his punishment thereby denying him due process. In denying his request for relief, the court held that there is no constitutional right to have a jury decide the punishment in a criminal case. *Id.* Further, the court held that the legislature statutorily created the assessment of punishment by jury and, therefore, may alter or abolish the procedure that it created. *Id.*

*U.S. v. Crew,* 916 F.2d 980 (5th Cir.1990) is also instructive in our review. In *Crew,* the court reviewed a due process challenge to the enhanced penalty provisions of 21 U.S.C. § 845a. This statute is commonly known as the schoolyard statute because it creates a "drug-free zone" around our schools. Crew was convicted of selling "crack cocaine" from his house, which was within a drug -free zone. Section 845a provides for a prison term of up to twice the length authorized by law for the offense. The Fifth Circuit overruled Crew's due process challenge that the statute did not allow him to show mitigating evidence to escape its enhanced penalty. *Crew,* 916 F.2d at 983. The Court reasoned that the sale of narcotics near schools endangers children and thereby is substantially related to Congress's interest in protecting children. Thus, offenders should be subject to stiffer penalties. *Id.*

 Constitutional due process demands a rational basis for legislatively created classifications creating punishment schemes for criminal offenses. *Smith v. State,* 737 S.W.2d 933, 938–39 (Tex.App.—Dallas 1987, pet. ref'd). Although a defendant must be afforded some degree of due process at sentencing, the same degree of process is not required at sentencing as at trial. *U.S. v. Rochester,* 898 F.2d 971, 981 (5th Cir.1990). The test is whether the punishment scheme is rationally related to a legitimate state interest. *Cardona v. State,* 768 S.W.2d 823, 827 (Tex.App.—Houston [14th Dist.] 1989, no pet.).

 By enacting section 12.42(c)(2), the legislature mandated a life sentence for anyone who is convicted of the sexual assault of a child a second time. The legislature has an interest in removing habitual sexual predators of children from society and in protecting the children of this State. This basis is rational and sufficient for the legislature to require a mandatory life sen-

tence for being convicted twice of sexually assaulting a child. Since the legislature created the scheme of indeterminate sentencing in criminal cases, it has the power to mandate a different sentencing scheme, within constitutional strictures, to send a clear signal to sex offenders that their conduct will not be tolerated. We conclude that Appellant's sentence under 12.42(c)(2) does not violate his constitutional right to due process of law. Appellant's issue is overruled and the judgment of the trial court is *affirmed.*