**Mark Anthony WIEGHAT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–01–00044–CR.**

Court of Appeals of Texas, San Antonio.

Jan. 23, 2002.

Kenneth W. Smith, Houston, for appellant.

Charles A. Rosenthal, Jr., District Attorney, Houston, for appellee.

Sitting: PHIL HARDBERGER, Chief Justice, PAUL W. GREEN, Justice and SARAH B. DUNCAN, Justice.

Opinion by: SARAH B. DUNCAN, Justice.

Mark Anthony Wieghat appeals his conviction and life sentence for the aggravated sexual assault of his seven-year old daughter. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Wieghat's seven-year-old daughter suffers from cerebral palsy and quadriplegia. She is also blind and mute. Because of her disabilities, she wears diapers and needs constant care. She attends school but is confined to a wheelchair. Before the incident giving rise to this case, when her family was home, she was usually placed on a pallet in the living room, where her diapers and wipes were kept. She was cared for almost exclusively by her mother. According to her mother, her father had never changed her diapers.

One evening, her mother returned from a trip to McDonald's and noticed Wieghat's daughter was missing from her pallet in the living room. Thinking her husband might have taken the girl to her bedroom, she headed in that direction. But she then heard her daughter's muffled crying in the master bedroom. When she tried to open the door, she found the deadbolt locked. She quickly got her keys and opened the door. She immediately smelled the Avon Skin So Soft her husband applied to his penis when they had sexual intercourse. Her daughter was crying, lying on her stomach on the bed with her feet extended off the edge of the bed. Wieghat was sitting on top of his daughter's "butt." When his wife entered the room, Wieghat looked surprised and jumped off of his daughter. He then shifted his penis around in the shorts he had donned after his wife left for McDonald's. Believing the child had been molested, her mother called 911 and told her husband to save his explanation for the police. While she made the call, her husband changed into blue jeans.

According to Wieghat, he had been trying to change his daughter's diapers and was using his body to keep her from rolling off the bed. In fact, there was a clean diaper at the head of the bed. However, her mother testified the child's diaper did not need changing and had not been changed. Traces of the Skin So Soft were found on the bedspread, even though it had been freshly laundered that morning.

The next day a pediatrician examined the child. The child's hymen was quite red and swollen, which was abnormal for her age and which could have been caused by rubbing penetration. The child's anus was marked by lacerations, one of which was acute, and fissures, which she believed had been inflicted recently, probably within three to seven days of the examination. In the pediatrician's opinion, these lacerations and fissures were caused by a form of blunt trauma, which would include penetration of a finger or penis. Also indicative of penetrative trauma was the child's patulous or stretched anus and the genital warts that covered her buttocks.

Wieghat was charged with "unlawfully, intentionally and knowingly" "caus[ing] the contact and penetration of the anus of . . . the Complainant, a person younger than fourteen years of age and not the spouse of the Defendant, by placing his sexual organ in, on and against the anus of the Complainant," "by placing his finger in the anus of the Complainant," and "by placing an unknown object in the anus of the Complainant." The jury found Wieghat guilty, and the trial court imposed the mandatory life sentence required by section 12.42(c)(2) of the Texas Penal Code. Before the sentencing hearing, the trial

court overruled Wieghat's objection to use of a previous court martial for sexually assaulting a three-year old girl for enhancement purposes.

## FACTUAL INSUFFICIENCY

■ Wieghat contends the evidence is factually insufficient to sustain the conviction and that "the greater weight of evidence preponderates in favor of a theory of conviction not authorized by law, that is, that [his] sexual organ contacted the complainant's 'butt.'" We disagree with both arguments. The testimony of the complainant's mother and Dr. Margaret McNeese is clearly sufficient evidence from which the jury could find that Wieghat committed aggravated sexual assault "by placing his sexual organ in, on and against the anus of the Complainant," "by placing his finger in the anus of the Complainant," and "by placing an unknown object in the anus of the Complainant."

## SEXUAL ABUSE OF COMPLAINANT'S MOTHER

■ Wieghat also contends the trial court reversibly erred by excluding impeachment evidence that the complainant's mother was sexually abused as a child. We again disagree. Whether the complainant's mother had been sexually abused as a child was irrelevant. Moreover, this theory of admissibility was not presented to the trial court and was therefore waived. *See Ibarra v. State*, 11 S.W.3d 189, 197 (Tex.Crim.App.1999), *cert. denied*, 531 U.S. 828, 121 S.Ct. 79, 148 L.Ed.2d 41 (2000).

## OTHER SEXUAL ABUSE OF COMPLAINANT

Wieghat also contends the trial court reversibly erred in excluding evidence the complainant had been sexually abused by others. We disagree.

■ Evidence of an absent third party's alleged guilt of the charged offense is admissible only if: (1) the "State is relying only on circumstantial evidence," (2) "the guilt of the third party is inconsistent with the guilt of the accused, and" (3) "the facts show the third party was so situated that he might have committed the crime." *Erwin v. State*, 729 S.W.2d 709, 716 (Tex. Crim.App.1987).

The undisputed testimony of the pediatrician established the lacerations to the complainant's anus were no more than one week old. There was no evidence tending to suggest any of the persons Wieghat indicates may have molested the complainant had access to the child within the week before she was examined. The proffered evidence was thus inadmissible. *See id.* at 716. Accordingly, we hold the trial court did not err in excluding the proffered evidence.

## COURT MARTIAL USED FOR ENHANCEMENT

Finally, Wieghat contends the trial court erred in permitting the State to use Wieghat's previous court martial for sexually assaulting a three-year old girl for enhancement purposes. We disagree.

■ Pursuant to section 12.42(c)(2)(B)(v) of the Texas Penal Code, a life sentence is mandatory if the defendant has previously been convicted of an offense "under the laws of another state containing elements that are substantially similar to the elements of an offense listed in Subparagraph (i), (ii), (iii), or (iv)." TEX. PEN.CODE ANN. § 12.42(c)(2)(B)(v) (Vernon Supp.2000). "By enacting section 12.42(c)(2), the legislature mandated a life sentence for anyone who is convicted of the sexual assault of a child a second time." *Williams v. State*, 10 S.W.3d 370, 372 (Tex.App.-Tyler 1999, pet. ref'd). Under Texas law, court martial proceedings are deemed final convictions and admissible in courts of record. *See Johnson v.*

*State,* 432 S.W.2d 98, 100 (Tex.Crim.App. 1968).

In the military proceeding, Wieghat was charged with "commit[ting] an indecent act upon ... a female three (3) years of age ... by fondling her, by placing his hands upon her private parts, by exposing his penis to her, by compelling her to touch his penis, and by penetrating her vagina with his finger, with the intent to gratify the lust and sexual desires of the said PFC Mark Anthony Wieghat." Wieghat pleaded guilty to this charge, "except the words 'hands' and 'by exposing his penis to her, by compelling her to touch his penis', substituting the word 'hand.'" The charges to which Wieghat pleaded guilty are thus very similar to offenses under sections 21.11 and 22.011 of the Texas Penal Code. *See* TEX. PEN.CODE ANN. §§ 21.11 (indecency with a child), 22.011 (sexual assault) (Vernon Supp.2000). Accordingly, we hold the trial court did not err in admitting the conviction in the military proceeding for purposes of the mandatory life sentence statute.

The trial court's judgment is affirmed.