COURT OF
APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-143-CR
 
JAMES TIMOTHY WHITE           
           
           
           
           
           
APPELLANT
V.
THE STATE OF TEXAS           
           
           
           
           
           
    STATE
------------
FROM THE 213
TH DISTRICT COURT OF
TARRANT COUNTY
------------
OPINION
------------
Appellant James Timothy White appeals his
conviction of indecency with a child. He argues that (1) the trial court
reversibly erred and abused its discretion in assessing a mandatory life
sentence because the indictment did not specifically allege or put him on notice
that such a provision would be applied to him; (2) the trial court reversibly
erred and abused its discretion in assessing a mandatory life sentence because
it is cruel and unusual punishment and unsupported by the record; (3) the trial
court abused its discretion in overruling his objections to the prosecution's
improper jury arguments; and (4) the trial court abused its discretion in
permitting the testimony of the State's expert witness because the State did not
give timely notice of its intent to call her even though such notice was timely
requested by defense counsel. We affirm.
I. Factual Background
Appellant was charged with aggravated
sexual assault of a child under the age of fourteen with an enhancement under
section 12.42 of the Texas Penal Code.(1) Tex.
Penal Code Ann. § 12.42(c)(2)(A)(i); see id. § 22.021. A jury found
him guilty of two counts of aggravated sexual assault of a child and one count
of indecency with a child. The court took judicial notice of a Delaware statute
and found it substantially similar to Texas Penal Code section 21.11, which sets
out the offense of indecency with a child.
The jury heard testimony that fingerprints
taken from appellant before the trial matched the fingerprints in a "pen
packet" containing the conviction and sentencing documents associated with
the prior Delaware indecency conviction. The jury answered "true" that
appellant had previously been convicted in Delaware of the felony offense of
unlawful sexual contact in the second degree. Based on the enhancement under
section 12.42, appellant received a mandatory life sentence.
II. Indictment
In his first point, appellant alleges that
the trial court reversibly erred and abused its discretion in assessing a
mandatory life sentence because the indictment did not specifically allege or
put him on notice that an enhancement provision would be applied to him. The
State responds that any error was waived, and in the alternative, appellant had
sufficient notice of the sex-offender enhancement.
Although the State was not required to
give appellant notice of the enhancement allegation in the indictment, it chose
to do so. See Brooks v. State, 957 S.W.2d 30, 34 (Tex. Crim. App.
1997). The indictment specifically stated under the Habitual Offender Notice
that:

 Prior to the commission of the offense
 or offenses for which the defendant was convicted as set out above, the
 defendant, James Timothy White, under the name of Timothy White, was finally
 convicted of the felony offense of unlawful sexual contact, in the superior
 court of the state of Delaware in and for New Castle County, in cause number .
 . . 94020101, on the 2nd day of December, 1994.

Appellant made no objections to the
indictment. The first opportunity appellant had to object to the application of
the enhancement allegation was when the court proposed the punishment charge.
Appellant failed to object and stated that "the State mentioned it had no
objections and no requests to be made in the Court's charge. We also have no
objections and no requests that are not included in the Court's charge . . . in
its current form."
Where a defendant affirmatively accepts
the charge of the court, he waives any objection to the charge. See
Tex. Code Crim. Proc. Ann. art. 36.14 (Vernon Supp. 2003); see also Ly v.
State, 943 S.W.2d 218, 220 (Tex. App.--Houston [1st Dist.] 1997,
pet. ref'd) (stating that when defendant failed to object to part of the
punishment charge and affirmatively stated "no objection," any error
was waived). Because appellant failed to object to the enhancement allegation,
he has preserved no error for our review. We overrule appellant's first point.
III. Mandatory Life
Sentence
In his second point, appellant alleges
that the trial court reversibly erred and abused its discretion in assessing a
mandatory life sentence because it is cruel and unusual punishment and
unsupported by the record. Appellant further argues that the jury was not
required to find beyond a reasonable doubt that the prior conviction in Delaware
was for an offense similar to that in Texas. He alleges that once the trial
judge made this determination, the jury was robbed of its duty to determine any
matter that increases the maximum sentence as set forth in the indictment, which
is a constitutional violation. See Apprendi v. New Jersey, 530
U.S. 466, 490, 120 S. Ct. 2348, 2362-63 (2000) ("Other than the fact of a
prior conviction, any fact that increases the penalty for a crime beyond the
prescribed statutory maximum must be submitted to a jury, and proved beyond a
reasonable doubt."). The State responds that appellant's mandatory life
sentence was constitutional, and he waived his Apprendi complaint
because the only complaint presented to the trial court was based on his
argument that the facts of the Delaware offense were not similar to the facts of
the Texas offense.
We agree with the State that appellant has
not preserved for review all of his complaints. After the jury found appellant
guilty and the habitual notice in the indictment true, appellant made the
following objection:

        
 Judge, we would simply object to the imposition of an automatic life sentence
 under the 8th Amendment of the United States Constitution, under the due
 process provisions of the Texas Constitution, and also the provisions of the
 Texas Constitution which provides that cruel and unusual punishment not be
 inflicted.
        
 We would support this objection with showing the facts and circumstances of
 the Delaware prior are certainly dissimilar from those of these convictions,
 in that the evidence before the Court is that the conduct was totally
 [consensual] as to the Delaware prior or it was [consensual] as to all the
 counts under the State's theory of the evidence of this case, and therefore,
 we would submit the automatic life provision of Texas Penal Code
 12.42(c)(2)(A)(i)(iii) and 12.42(c)(2)(B)(v). And for those reasons, we'd ask
 that you not impose an automatic life sentence, and we would object.

The trial court overruled the objection
and sentenced appellant to a mandatory life sentence.
To preserve a complaint for our review,
the complaining party must raise that particular complaint to the trial court
and obtain an adverse ruling. See Tex. R. App. P. 33.1. Furthermore, an
objection must be specific as to the grounds for complaint, and the objection
preserves only the specific grounds cited. See Tex. R. App. P.
33.1(a)(1)(A); Butler v. State, 872 S.W.2d 227, 237 (Tex. Crim. App.
1994), cert. denied, 513 U.S. 1157 (1995); see also Fierro v. State,
706 S.W.2d 310, 317-18 (Tex. Crim. App. 1986), cert. denied, 521 U.S.
1122 (1997) (stating general objection is not sufficient to apprise the trial
court of a complaint urged and thus preserves nothing for review).
The Texas Court of Criminal Appeals has
held that if it is apparent from the record that the trial court understood the
objection and its grounds, error is preserved. Dixon v. State, 928
S.W.2d 564, 564-65 (Tex. Crim. App. 1996). It is apparent that the trial court
understood and ruled on the objection concerning the similarity of the two
statutes. But it is not apparent from the record that appellant was arguing
error based on Apprendi. Thus, the trial court never had the
opportunity to rule on the issue. Accordingly, appellant's Apprendi
complaint is waived.
Appellant specifically objected and
argued, however, that the facts and circumstances of the Delaware offense were
not similar to the facts and circumstances of the Texas offense. Therefore,
appellant has preserved this issue for review.
Under section 12.42(c)(2) of the Texas
Penal Code, a defendant convicted of aggravated sexual assault of a child who
has been previously convicted under the law of another state containing
"elements that are substantially similar to the elements of an offense
listed in Subparagraph (i), (ii), (iii), or (iv)" shall be punished to
mandatory life imprisonment. Tex. Penal Code Ann. § 12.42(c)(2).
Here, the trial court took judicial notice
of a Delaware statute and Texas Penal Code section 21.11.(2)
The court found the two statutes substantially similar. Although appellant
objected and argued that the facts and circumstances of the Delaware prior
offense were not substantially similar to the facts and circumstances in the
Texas charge, the court overruled his objection.
For enhancement purposes, section
12.42(c)(2)(B)(v) requires only that a defendant's prior conviction under the
laws of another state to contain "elements that are substantially
similar to the elements of an offense." Tex. Penal Code Ann. §
12.42(c)(2)(B)(v) (emphasis added). The statute does not require that the facts
and circumstances of the out-of-state offense be substantially similar to the
types of facts and circumstances that would allow conviction under the Texas
statute before a court shall impose a mandatory life sentence. Because statutory
interpretation is a question of law, we review the trial court's determination
de novo and conclude that it correctly found substantial similarity between the
two statutes. See Kuhn v. State, 45 S.W.3d 207, 209 (Tex.
App.--Texarkana 2001, pet. ref'd) (stating that statutory interpretation is a
question of law that this court reviews de novo).
Because the jury found appellant guilty
and the enhancement true, the court had authority to sentence appellant to
mandatory life imprisonment under section 12.42.  We now turn to
appellant's constitutional challenge of the mandatory life sentence.
The United States Supreme Court has held
that a sentence does not become cruel and unusual just because it is mandatory. Harmelin
v. Michigan, 501 U.S. 957, 995, 111 S. Ct. 2680, 2701 (1991). Texas has
long held that punishments falling within the prescribed statutory limitations
are not cruel and unusual within the meaning of the Texas Constitution. See
Harris v. State, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); Moore
v. State, 54 S.W.3d 529, 541 (Tex. App.--Fort Worth 2001, pet. ref'd); Price
v. State, 35 S.W.3d 136, 144 (Tex. App.--Waco 2000, pet. ref'd) (op. on
reh'g). Moreover, the fact that a certain non-death-penalty punishment is
mandatory, and thereby precludes consideration of mitigation evidence, does not
automatically render the punishment cruel and unusual. See Moore, 54
S.W.3d at 541; Price, 35 S.W.3d at 144 (holding mandatory life sentence
imposed pursuant to penal code section 12.42(c)(2) was not cruel and unusual
punishment under Eighth Amendment). Any punishment assessed within the range
that is authorized by statute is not cruel and unusual punishment and does not
render the sentence excessive. Price, 35 S.W.3d at 144; see also
McNew v. State, 608 S.W.2d 166, 174 (Tex. Crim. App. [Panel Op.] 1978).
By enacting section 12.42(c)(2), the
legislature mandated a life sentence for anyone who is convicted of sexual
assault of a child a second time. See Williams v. State, 10 S.W.3d 370,
372-73 (Tex. App.--Tyler 1999, pet. ref'd); see also Wieghat v.
State, 76 S.W.3d 49, 52 (Tex. App.--San Antonio 2002, no pet.) (requiring
mandatory life sentence when defendant had previously been convicted of sexual
assault under substantially similar law of another state). The legislature has
an interest in removing habitual sexual predators of children from society and
in protecting the children of this state. Williams, 10 S.W.3d at 372.
It is rational and sufficient for the legislature to require a mandatory life
sentence for those convicted twice of sexually assaulting a child. Id.
at 372-73. Moreover, the Texas Court of Criminal Appeals has held this provision
to be constitutional and not cruel and unusual punishment. See Harris,
656 S.W.2d at 486; Moore, 54 S.W.3d at 541; Price, 35 S.W.3d
at 144. Thus, appellant's second point is overruled.
IV. Jury Argument
In his third, fourth, fifth, and sixth
points, appellant complains that the trial court abused its discretion in
overruling his motion for mistrial and an objection to the prosecution's
improper jury arguments based on personal opinions. The State responds that the
arguments were proper summations or reasonable deductions from the evidence, and
any errors were cured by instructions to disregard.
To be permissible, the State's jury
argument must fall within one of the following four general areas: (1) summation
of the evidence; (2) reasonable deduction from the evidence; (3) answer to
argument of opposing counsel; or (4) plea for law enforcement. Felder v.
State, 848 S.W.2d 85, 94-95 (Tex. Crim. App. 1992), cert. denied,
510 U.S. 829 (1993); Alejandro v. State, 493 S.W.2d 230, 231 (Tex.
Crim. App. 1973).
If a jury argument exceeds the bounds of
proper argument, the trial court's erroneous overruling of a defendant's
objection cannot be reversible error unless, in light of the record as a whole,
the argument had a substantial and injurious effect or influence on the jury's
verdict. Tex. R. App. P. 44.2(b); Martinez v. State, 17 S.W.3d 677,
692-93 (Tex. Crim. App. 2000); Mosley v. State, 983 S.W.2d 249, 259
(Tex. Crim. App. 1998) (op. on reh'g), cert. denied, 526 U.S. 1070
(1999).
When the trial court sustains an objection
and instructs the jury to disregard but denies a defendant's motion for a
mistrial, the issue is whether the trial court erred in denying the mistrial. Faulkner
v. State, 940 S.W.2d 308, 312 (Tex. App.--Fort Worth 1997, pet. ref'd) (en
banc op. on reh'g). Its resolution depends on whether the court's instruction to
disregard cured any prejudicial effect from the improper argument. Id.
Generally, an instruction to disregard impermissible argument cures the
prejudicial effect, if any. Dinkins v. State, 894 S.W.2d 330, 357 (Tex.
Crim. App.), cert. denied, 516 U.S. 832 (1995). In assessing the
curative effect of the court's instruction to disregard, the correct inquiry is
whether the argument was extreme, manifestly improper, injected new and harmful
facts into the case, or violated a mandatory statutory provision and was thus so
inflammatory that an instruction to disregard could not cure its prejudicial
effect. Hernandez v. State, 819 S.W.2d 806, 820 (Tex. Crim. App. 1991),
cert. denied, 504 U.S. 974 (1992); Faulkner, 940 S.W.2d at
312. If the instruction cured any harm caused by the improper argument, a
reviewing court should find that the trial court did not err. Dinkins,
894 S.W.2d at 357; Faulkner, 940 S.W.2d at 312. Only if the reviewing
court determines the instruction was ineffective does the court go on to
determine whether, in light of the record as a whole, the argument had a
substantial and injurious effect or influence on the jury's verdict. Tex. R.
App. P. 44.2(b).
Appellant argues in point three that the
prosecutor improperly argued her personal opinion, without supporting evidence,
that appellant committed the crime and that complainant told the jury the truth
about the incident; therefore, the trial court erred in denying his motion for
mistrial.
The objected-to argument was as follows:

 It wasn't but a couple of hours ago that
 you all heard what [complainant] had to say. He got on top of me. He made me
 get on top of him. He had his pants off. I had my pants and panties pulled
 down and he put his private to my private. White stuff came out. He licked my
 private. Should a six-year-old know any of that? Is there any way that she
 found out about that happening other than having it happen to her? This man
 did it, and [she] told you just exactly --

The trial court then sustained appellant's
objection and gave the jury an instruction to disregard the personal opinion,
but denied the motion for new trial.
After the objection, the prosecutor
continued by stating that "anything I say in my argument I don't present as
my personal opinion, but what we believe the facts to have shown." She then
stated that the jury heard detailed testimony from the complainant and her
mother concerning the alleged incident. A prosecutor may argue her opinions
concerning issues in the case so long as the opinions are based on evidence in
the record and do not constitute unsworn testimony. Wolfe v. State, 917
S.W.2d 270, 280 (Tex. Crim. App. 1996). Based on the evidence, the argument was
a reasonable deduction from the evidence. See Wesbrook v. State,
29 S.W.3d 103, 115-16 (Tex. Crim. App. 2000), cert. denied, 532 U.S.
944 (2001); Barnes v. State, 70 S.W.3d 294, 308 (Tex. App.--Fort Worth
2002, pet. ref'd); Jackson v. State, 50 S.W.3d 579, 589 (Tex.
App.--Fort Worth 2001, pet. ref'd). Furthermore, rhetorical questions are
generally within the scope of permissible jury argument so long as they are
based on a reasonable deduction from the evidence. Wolfe, 917 S.W.2d at
280. Therefore, the argument was permissible.
Moreover, the argument was also not so
extreme or manifestly improper that an instruction to disregard could not cure
any possible prejudicial effect. See Hernandez, 819 S.W.2d at 820.
Therefore, any possible error was cured by the trial court's instruction to
disregard. See Dinkins, 894 S.W.2d at 357 (stating an instruction to
disregard generally cures impermissible jury argument). We overrule point three.
In point four, appellant argues that the
trial court abused its discretion in overruling appellant's objection to the
State's argument that an attorney met once with complainant "and then [the
complainant] met with me once for about an hour and a half with a 20-minute
break in there because it became a little too much for her to be talking about
this. She had to go be with her mom." Appellant specifically objected that
"[i]t's outside the record as it being too much for her."
The statement was a proper argument based
on a reasonable deduction of the evidence. See Wesbrook, 29
S.W.3d at 115; Barnes, 70 S.W.3d at 308; Jackson, 50 S.W.3d at
589. The jury heard the complainant's mother testify that during an interview
the complainant came out because "she wanted to be with me for a little
while." At least once during the interview complainant became uncomfortable
and wanted to talk to her mother. Thus, the prosecutor's argument that the
interview "became too much for her" was a reasonable deduction based
on testimony. Therefore, the trial court did not abuse its discretion in
overruling the objection. Appellant's fourth point is overruled.
In his fifth point, appellant contends
that the trial court erred in overruling his motion for mistrial when the
prosecution argued its personal opinion that complainant would not have known
about the sexual acts unless appellant had committed them. Specifically, the
prosecution argued:

        
 And that's why we brought you Ms. Howell, to tell you, "No. In my
 experience, [complainant] does not lie. She does not make up big ones, she
 does not make up whoppers. She is a truthful child." A six-year-old who
 knows the details that some 18-years-old would not be able to tell you about.
        
 [DEFENSE COUNSEL]: Your Honor, again, that's outside of the record. We object.
        
 THE COURT: I'll sustain the objection, and ladies and gentlemen of the jury,
 don't consider that.

The court then denied appellant's motion
for mistrial.
The jury heard detailed testimony from
complainant of how appellant sexually abused her. The complainant's mother also
testified that complainant had never walked in on her and appellant having sex
and that they did not keep pornography of any kind in their home. It was a
reasonable deduction for the prosecutor to argue that a normal six-year-old
would not know such details about sexual activity without having experienced
sexual abuse. Furthermore, the argument was not so extreme or manifestly
improper that an instruction to disregard could not cure any possible
prejudicial effect. See Hernandez, 819 S.W.2d at 820. Also, any
possible harm was cured by the trial court's instruction to disregard. See
Dinkins, 894 S.W.2d at 357. We overrule appellant's fifth point.
In his sixth point, appellant argues that
the trial court erred in overruling his motion for mistrial when the prosecutor
argued his personal opinion that the appellant, better than anyone, would know
that penetration of the complainant would damage her. Specifically, the
prosecution argued:

        
 Now, counsel wants to know why there are no physical findings. Well, Aracelia
 told you that in 85 percent of the cases, not just here but on nationwide
 studies, there are no physical findings. Why? Because y'all all know that if
 he's in there on the couch and he's penetrating her with his penis, she is
 going to cry out in pain. There will be bleeding. Yeah, there will be damage,
 and he knows it better than anybody.

The trial court then sustained appellant's
objection, instructed the jury to disregard, and denied his motion for mistrial.
We conclude the prosecution's argument was
a proper response to argument of opposing counsel. During appellant's closing
argument, his attorney argued the following:

        
 Now, I want you to think about that. I want you to think about the fact that
 we've got no physical findings of abuse. We've got no trauma to the vaginal
 area. We've got no redness to the labia. We got no infection. We have no
 semen. We have no tears in the hymen. We didn't have no tears to the vaginal
 area.
        
 . . . .
        
 Well, I was going to say, [in] my experience in talking with Ms. Aracelia
 Desmarais and it's also, I would submit to you, common sense that when you
 have that kind of size going into that small a situation, that you're going to
 have those abrasions like Ms. Desmarais testified about. We don't have that.

Thus, the prosecution was merely
responding to appellant's argument that there were no physical signs of abuse.
Furthermore, the argument was not so extreme or manifestly improper that an
instruction to disregard could not cure any possible prejudicial effect. See
Hernandez, 819 S.W.2d at 820. Any possible error was cured by the trial
court's instruction to disregard. See Dinkins, 894 S.W.2d at 357.
Therefore, the trial court did not abuse its discretion in denying appellant's
motion for mistrial. Appellant's sixth point is overruled.
V. Expert Witness
Testimony
In his seventh point, appellant contends
that the trial court abused its discretion in permitting the State's expert
witness, Aracelia Desmarais, to testify because the State did not give timely
notice of its intent to call her, even though such notice was timely requested
by defense counsel. The State responds that appellant failed to comply with
article 39.14(b) of the Texas Code of Criminal Procedure.
Article 39.14(b) provides that:

        
 On motion of a party and on notice to the other parties, the court in
 which an action is pending may order one or more of the other parties to
 disclose to the party making the motion the name and address of each person
 the other party may use at trial to present evidence under Rules 702, 703, and
 705, Texas Rules of Evidence. The court shall specify in the order the time
 and manner in which the other party must make the disclosure to the moving
 party, but in specifying the time in which the other party shall make
 disclosure the court shall require the other party to make the disclosure not
 later than the 20th day before the date the trial begins.

Tex. Code Crim. Proc. Ann. art. 39.14(b)
(Vernon Supp. 2003) (emphasis added). The plain language of the rule requires
that a party file a motion directed to the court and provides that the court may
order the State to disclose its trial witnesses. Id.
On October 2, 2001, appellant filed
"Defendant's Request That The State Give Written Notice Of It's [sic]
Intention To Use Evidence And Statements." The State argues that the
Request was not addressed or presented to the trial court.
(3) The statute grants to trial courts the discretion to order the
disclosure of the names of expert witnesses on the motion of a party. Id.;
see Quinones v. State, 592 S.W.2d 933, 940 (Tex. Crim. App.), cert.
denied, 449 U.S. 893 (1980) (holding that which is discoverable by
defendant in criminal proceedings, under this article, is committed to
discretion of the trial court). Here, appellant failed to secure an order
pursuant to 39.14(b) requiring disclosure.
Furthermore, the decision to allow a
witness who was not listed on the State's witness list to testify is a matter
within the court's discretion. Martinez v. State, 867 S.W.2d 30, 39
(Tex. Crim. App. 1993), cert. denied, 512 U.S. 1246 (1994); Fincher
v. State, 980 S.W.2d 886, 888 (Tex. App.--Fort Worth 1998, pet. ref'd). The
factors a reviewing court considers in determining whether there has been an
abuse of discretion are (1) a showing of bad faith on the part of the prosecutor
in failing to disclose the witness's name before trial; and (2) whether the
defendant could have reasonably anticipated that the witness would testify, even
though his or her name was not included on the list. Nobles v. State,
843 S.W.2d 503, 514-15 (Tex. Crim. App. 1992).
Here, the record contains no evidence that
the State acted in bad faith in failing to include Desmarais on its witness
list. During a pretrial hearing, the State admitted to providing defense counsel
with other discovery and keeping an open file. Appellant received notice of the
State's intent to call Desmarais during a conversation on April 4, 2002, and
because the trial began on April 9, 2002, appellant had sufficient time to
prepare for cross-examination. See Castaneda v. State, 28 S.W.3d 216,
223 (Tex. App.--El Paso 2000, pet. ref'd) (holding that providing notice to
defense one week before calling a witness does not indicate bad faith). The
State also offered to make Desmarais available for questioning the next day.
Thus, appellant has failed to establish that the State acted in bad faith in not
including Desmarais on its witness list.
Appellant also could have reasonably
anticipated that Desmarais would testify. Defense counsel admitted that the
State had allowed an open file, and he had reviewed it on at least three
different occasions. Desmarais's medical report had been in the file since the
indictment date, so appellant's attorney should have reasonably anticipated her
testimony. See Lemasurier v. State, 91 S.W.3d 897, 901 (Tex. App.--Fort
Worth 2002, pet. filed) (stating that counsel should have reasonably anticipated
witness's testimony when a report had been a part of the file, and counsel was
aware of report through his own examination of the file). Accordingly, the trial
court did not abuse its discretion in denying appellant's request to exclude the
witness's testimony. Appellant's seventh point is overruled.
VI. Conclusion
Having overruled all of appellant's
points, we affirm the trial court's judgment.
                                                                       
TERRIE LIVINGSTON
                                                                       
JUSTICE
 
PANEL A: DAY, LIVINGSTON, and DAUPHINOT,
JJ.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
[DELIVERED MARCH 6, 2003]

1. Section 12.42(c)(2) requires that a defendant be
punished by life imprisonment if the defendant is convicted under Texas Penal
Code section 22.021 and has been previously convicted of an offense under the
laws of another state containing elements substantially similar to the elements
of an offense under Texas Penal Code section 21.11, which sets out the offense
of indecency with a child. Tex. Penal Code Ann. §§ 12.42(c)(2)(A)(i), (B)(v),
21.11 (Vernon 2003).
2. Delaware section 768 states, "A person is guilty
of unlawful sexual contact in the second degree when the person intentionally
has sexual contact with another person who is less than 16 years of age or
causes the victim to have sexual contact with a person or a third person.
Unlawful sexual contact in the second degree is a Class G felony." Del.
Code Ann. tit. 11, § 768 (2002).
3. Appellant addressed the Request as a "request to
Counsel for the State"; however, it is apparent that it was a motion to the
court.