WHITE V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-143-CR

JAMES TIMOTHY WHITE APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 213
TH
 DISTRICT COURT OF TARRANT COUNTY

------------

OPINION

------------

Appellant James Timothy White appeals his conviction of indecency with a child. He argues that (1) the trial court reversibly erred and abused its discretion in assessing a mandatory life sentence because the indictment did not specifically allege or put him on notice that such a provision would be applied to him; (2) the trial court reversibly erred and abused its discretion in assessing a mandatory life sentence because it is cruel and unusual punishment and unsupported by the record; (3) the trial court abused its discretion in overruling his objections to the prosecution's improper jury arguments; and (4)
 the trial court abused its discretion in permitting the testimony of the State’s expert witness because the State did not give timely notice of its intent to call her even though such notice was timely requested by defense counsel
.  We affirm.

I. Factual Background

Appellant was charged with aggravated sexual assault of a child under the age of fourteen with an enhancement under section 12.42 of the Texas Penal Code.
(footnote: 1)  
Tex. Penal Code Ann
. § 12.42(c)(2)(A)(i); 
see id.
 § 22.021.  A jury found him guilty of two counts of aggravated sexual assault of a child and one count of indecency with a child.  The court took judicial notice of a Delaware statute and found it substantially similar to Texas Penal Code section 21.11, which sets out the offense of indecency with a child.

The jury heard testimony that fingerprints taken from appellant before the trial matched the fingerprints in a “pen packet” containing the conviction and sentencing documents associated with the prior Delaware indecency conviction. The jury answered “true” that appellant had previously been convicted in Delaware of the felony offense of unlawful sexual contact in the second degree. Based on the enhancement under section 12.42, appellant received a mandatory life sentence.

II.  Indictment

In his first point, appellant alleges that the trial court reversibly erred and abused its discretion in assessing a mandatory life sentence because the indictment did not specifically allege or put him on notice that an enhancement provision would be applied to him.   The State responds that any error was waived, and in the alternative, appellant had sufficient notice of the sex-offender enhancement.  

Although the State was not required to give appellant notice of the enhancement allegation in the indictment, it chose to do so.  
See Brooks v. State
, 957 S.W.2d 30, 34 (Tex. Crim. App. 1997).  
The indictment specifically stated under the Habitual Offender Notice that:

Prior to the commission of the offense or offenses for which the defendant was convicted as set out above, the defendant, James Timothy White, under the name of Timothy White, was finally convicted of the felony offense of unlawful sexual contact, in the superior court of the state of Delaware in and for New Castle County, in cause number . . . 94020101, on the 2
nd
 day of December, 1994. 

Appellant made no objections to the indictment.  The first opportunity appellant had to object to the application of the enhancement allegation was when the court proposed the punishment charge.  Appellant failed to object and stated that “the State mentioned it had no objections and no requests to be made in the Court’s charge.  We also have no objections and no requests that are not included in the Court’s charge . . . in its current form.”

Where a defendant affirmatively accepts the charge of the court, he waives any objection to the charge.  
See
 
Tex. Code Crim. Proc. Ann
. art. 36.14 (Vernon Supp. 2003); 
see also Ly v. State
, 943 S.W.2d 218, 220 (Tex. App.—Houston [1
st
 Dist.] 1997, pet. ref'd) (stating that when defendant failed to object to part of the punishment charge and affirmatively stated “no objection,” any error was waived).  Because appellant failed to object to the enhancement allegation, he has preserved no error for our review.  We overrule appellant’s first point.

III.  Mandatory Life Sentence

In his second point, appellant alleges that the trial court reversibly erred and abused its discretion in assessing a mandatory life sentence because it is cruel and unusual punishment and unsupported by the record.  Appellant further argues that the jury was not required to find beyond a reasonable doubt that the prior conviction in Delaware was for an offense similar to that in Texas.  He alleges that once the trial judge made this determination, the jury was robbed of its duty to determine any matter that increases the maximum sentence as set forth in the indictment, which is a constitutional violation.  
See
 
Apprendi v. New Jersey,
 530 U.S. 466, 490, 120 S. Ct. 2348, 2362-63 (2000) (“Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.”).  The State responds that appellant’s mandatory life sentence was constitutional, and he waived his 
Apprendi 
complaint because the only complaint presented to the trial court was based on his argument that the facts of the Delaware offense were not similar to the facts of the Texas offense.

We agree with the State that appellant has not preserved for review all of his complaints.  After the jury found appellant guilty and the habitual notice in the indictment true, appellant made the following objection:

Judge, we would simply object to the imposition of an automatic life sentence under the 8th Amendment of the United States Constitution, under the due process provisions of the Texas Constitution, and also the provisions of the Texas Constitution which provides that cruel and unusual punishment not be inflicted.  

We would support this objection with showing the facts and circumstances of the Delaware prior are certainly dissimilar from those of these convictions, in that the evidence before the Court is that the conduct was totally [consensual] as to the Delaware prior or it was [consensual] as to all the counts under the State's theory of the evidence of this case, and therefore, we would submit the automatic life provision of Texas Penal Code 12.42(c)(2)(A)(i)(iii) and 12.42(c)(2)(B)(v).  And for those reasons, we'd ask that you not impose an automatic life sentence, and we would object.

The trial court overruled the objection and sentenced appellant to a mandatory life sentence.

To preserve a complaint for our review, the complaining party must raise that particular complaint to the trial court and obtain an adverse ruling.  
See
 
Tex. R. App. P
. 33.1.  Furthermore, an objection must be specific as to the grounds for complaint, and the objection preserves only the specific grounds cited.  
See
 
Tex. R. App. P
. 33.1(a)(1)(A); 
Butler v. State
, 872 S.W.2d 227, 237 (Tex. Crim. App. 1994), 
cert. denied
, 513 U.S. 1157 (1995); 
see also Fierro v. State
, 706 S.W.2d 310, 317-18 (Tex. Crim. App. 1986), 
cert. denied
, 521 U.S. 1122 (1997) (stating general objection is not sufficient to apprise the trial court of a complaint urged and thus preserves nothing for review).

The Texas Court of Criminal Appeals has held that if it is apparent from the record that the trial court understood the objection and its grounds, error is preserved.  
Dixon v. State
, 928 S.W.2d 564, 564-65 (Tex. Crim. App. 1996).  It is apparent that the trial court understood and ruled on the objection concerning the similarity of the two statutes.  But it is not apparent from the record that appellant was arguing error based on
 Apprendi
.  Thus, the trial court never had the opportunity to rule on the issue.  Accordingly, appellant’s 
Apprendi
 complaint is waived. 

Appellant specifically objected and argued, however, that the facts and circumstances of the Delaware offense were not similar to the facts and circumstances of the Texas offense.  Therefore, appellant has preserved this issue for review.

Under section 12.42(c)(2) of the Texas Penal Code, a defendant convicted of aggravated sexual assault of a child who has been previously convicted under the law of another state containing “elements that are substantially similar to the elements of an offense listed in Subparagraph (i), (ii), (iii), or (iv)” shall be punished to mandatory life imprisonment.  
Tex. Penal Code Ann
. § 12.42(c)(2).

Here, the trial court took judicial notice of a Delaware statute and Texas Penal Code section 21.11.
(footnote: 2)  The court found the two statutes substantially similar.  Although appellant objected and argued that the facts and circumstances of the Delaware prior offense were not substantially similar to the facts and circumstances in the Texas charge, the court overruled his objection.

For enhancement purposes, section 12.42(c)(2)(B)(v) requires only that a defendant’s prior conviction under the laws of another state to contain “
elements
 that are substantially similar to the 
elements
 of an offense.“  
Tex. Penal Code Ann
. § 12.42(c)(2)(B)(v) (emphasis added)
.  The statute does not require that the facts and circumstances of the out-of-state offense be substantially similar to the types of facts and circumstances that would allow conviction under the Texas statute before a court shall impose a mandatory life sentence.  Because statutory interpretation is a question of law, we review the trial court’s determination de novo and conclude that it correctly found substantial similarity between the two statutes.  
See Kuhn v. State,
 45 S.W.3d 207, 209 (Tex. App.—Texarkana 2001, pet. ref’d) (stating that s
tatutory interpretation is a question of law that this court reviews de novo).

Because the jury found appellant guilty and the enhancement true, the court had authority to sentence appellant to mandatory life imprisonment under section 12.42.
  We now turn to appellant’s constitutional challenge of the mandatory life sentence. 

The United States Supreme Court has held that a sentence does not become cruel and unusual just because it is mandatory.  
Harmelin v. Michigan
, 501 U.S. 957, 995, 111 S. Ct. 2680, 2701 (1991).  Texas has long held that punishments falling within the prescribed statutory limitations are not cruel and unusual within the meaning of the Texas Constitution.  
See
 
Harris v. State
, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); 
Moore v. State
, 54 S.W.3d 529, 541 (Tex. App.—Fort Worth 2001, pet. ref’d); 
Price v. State
, 35 S.W.3d 136, 144 (Tex. App.—Waco 2000, pet. ref'd) (op. on reh'g).  Moreover, the fact that a certain non-death-penalty punishment is mandatory, and thereby precludes consideration of mitigation evidence, does not automatically render the punishment cruel and unusual.  
See Moore,
 54 S.W.3d at 541;
 Price
, 35 S.W.3d at 144 (holding mandatory life sentence imposed pursuant to penal code section 12.42(c)(2) was not cruel and unusual punishment under Eighth Amendment).
  Any punishment assessed within the range that is authorized by statute is not cruel and unusual punishment and does not render the sentence excessive.  
Price
, 35 S.W.3d at 144; 
see also
 
McNew v. State
, 608 S.W.2d 166, 174 (Tex. Crim. App. [Panel Op.] 1978). 

By enacting section 12.42(c)(2), the legislature mandated a life sentence for anyone who is convicted of sexual assault of a child a second time.
  See Williams v. State
, 10 S.W.3d 370, 372-73 (Tex. App.—Tyler 1999, pet. ref’d); 
see also
 
Wieghat v. State
, 76 S.W.3d 49, 52 (Tex. App.—San Antonio 2002, no pet.) (requiring mandatory life sentence when defendant had previously been convicted of sexual assault under substantially similar law of another state).  The legislature has an interest in removing habitual sexual predators of children from society and in protecting the children of this state.  
Williams
, 10 S.W.3d at 372.  It is rational and sufficient for the legislature to require a mandatory life sentence for those convicted twice of sexually assaulting a child.  
Id
. at 372-73.  
Moreover, the Texas Court of Criminal Appeals has held this provision to be constitutional and not cruel and unusual punishment.  
See
 
Harris
, 656 S.W.2d at 486; 
Moore
, 54 S.W.3d at 541; 
Price
, 35 S.W.3d at 144.  Thus, appellant’s second point is overruled.

IV.  Jury Argument

In his third, fourth, fifth, and sixth points, appellant complains that the trial court abused its discretion in overruling his motion for mistrial and an objection to the prosecution’s improper jury arguments based on personal opinions.  The State responds that the arguments were proper summations or reasonable deductions from the evidence, and any errors were cured by instructions to disregard.

To be permissible, the State’s jury argument must fall within one of the following four general areas:  (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; or (4) plea for law enforcement. 
 Felder v. State
, 848 S.W.2d 85, 94-95 (Tex. Crim. App. 1992), 
cert. denied
, 510 U.S. 829 (1993); 
Alejandro v. State
, 493 S.W.2d 230, 231 (Tex. Crim. App. 1973).  

If a jury argument exceeds the bounds of proper argument, the trial court’s erroneous overruling of a defendant’s objection cannot be reversible error unless, in light of the record as a whole, the argument had a substantial and injurious effect or influence on the jury’s verdict. 
 
Tex. R. App. P. 
44.2(b); 
Martinez v. State
, 17 S.W.3d 677, 692-93 (Tex. Crim. App. 2000); 
Mosley v. State
, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied
, 526 U.S. 1070 (1999)
.

When the trial court sustains an objection and instructs the jury to disregard but denies a defendant’s motion for a mistrial, the issue is whether the trial court erred in denying the mistrial.  
Faulkner v. State
, 940 S.W.2d 308, 312 (Tex. App.—Fort Worth 1997, pet. ref’d) (en banc op. on reh’g).  Its resolution depends on whether the court’s instruction to disregard cured any prejudicial effect from the improper argument.  
Id.  
Generally, an instruction to disregard impermissible argument cures the prejudicial effect, if any. 
 Dinkins v. State
, 894 S.W.2d 330, 357 (Tex. Crim. App.), 
cert. denied
, 516 U.S. 832 (1995).  In assessing the curative effect of the court’s instruction to disregard, the correct inquiry is whether the argument was extreme, manifestly improper, injected new and harmful facts into the case, or violated a mandatory statutory provision and was thus so inflammatory that an instruction to disregard could not cure its prejudicial effect.  
Hernandez v. State
, 819 S.W.2d 806, 820 (Tex. Crim. App. 1991), 
cert. denied
, 504 U.S. 974 (1992); 
Faulkner
, 940 S.W.2d at 312.  If the instruction cured any harm caused by the improper argument, a reviewing court should find that the trial court did not err.  
Dinkins
, 894 S.W.2d at 357; 
Faulkner
, 940 S.W.2d at 312.  
Only if the reviewing court determines the instruction was ineffective does the court go on to determine whether, in light of the record as a whole, the argument had a substantial and injurious effect or influence on the jury’s verdict. 
 
Tex. R. App. P. 
44.2(b).

Appellant argues in point three that the prosecutor improperly argued her personal opinion, without supporting evidence, that appellant committed the crime and that complainant told the jury the truth about the incident; therefore, the trial court erred in denying his motion for mistrial.

The objected-to argument was as follows:

It wasn’t but a couple of hours ago that you all heard what [complainant] had to say.  He got on top of me.  He made me get on top of him.  He had his pants off.  I had my pants and panties pulled down and he put his private to my private.  White stuff came out.  He licked my private.  Should a six-year-old know any of that?  Is there any way that she found out about that happening other than having it happen to her?  This man did it, and [she] told you just exactly—

The trial court then sustained appellant’s objection and gave the jury an instruction to disregard the personal opinion,
 but denied the motion for new trial.

After the objection, the prosecutor continued by stating that “anything I say in my argument I don’t present as my personal opinion, but what we believe the facts to have shown.”  She then stated that the jury heard detailed testimony from the complainant and her mother concerning the alleged incident.   A prosecutor may argue her opinions concerning issues in the case so long as the opinions are based on evidence in the record and do not constitute unsworn testimony.  
Wolfe v. State
, 917 S.W.2d 270, 280 (Tex. Crim. App. 1996).
  Based on the evidence, the argument was a reasonable deduction from the evidence.  
See
 
Wesbrook v. State
, 29 S.W.3d 103, 115-16 (Tex. Crim. App. 2000), 
cert. denied
, 532 U.S. 944 (2001); 
Barnes v. State
, 70 S.W.3d 294, 308 (Tex. App.—Fort Worth 2002, pet. ref’d); 
Jackson v. State
, 50 S.W.3d 579, 589 (Tex. App.—Fort Worth 2001, pet. ref’d).  Furthermore, rhetorical questions are generally within the scope of permissible jury argument so long as they are based on a reasonable deduction from the evidence.  
Wolfe
, 917 S.W.2d at 280.
  Therefore, the argument was permissible.  

Moreover, the argument was also not so extreme or manifestly improper that an instruction to disregard could not cure any possible prejudicial effect.  
See Hernandez
, 819 S.W.2d at 820.
  Therefore, any possible error was cured by the trial court’s instruction to disregard.  
See Dinkins
, 894 S.W.2d at 357 (stating an instruction to disregard generally cures impermissible jury argument).  We overrule point three.

In point four, appellant argues that the trial court abused its discretion in overruling appellant’s objection to the State’s argument that an attorney met once with complainant “and then [the complainant] met with me once for about an hour and a half with a 20-minute break in there because it became a little too much for her to be talking about this.  She had to go be with her mom.”  Appellant specifically objected that “[i]t’s outside the record as it being too much for her.” 

The statement was a proper argument based on a reasonable deduction of the evidence. 
 See
 
Wesbrook
, 29 S.W.3d at 115; 
Barnes
, 70 S.W.3d at 308; 
Jackson
, 50 S.W.3d at 589.
  The jury heard the complainant’s mother testify that during an interview the complainant came out because “she wanted to be with me for a little while.”  At least once during the interview complainant became uncomfortable and wanted to talk to her mother.  Thus, the prosecutor’s argument that the interview “became too much for her” was a reasonable deduction based on testimony.  Therefore, the trial court did not abuse its discretion in overruling the objection.  Appellant’s fourth point is overruled.

In his fifth point, appellant contends that the trial court erred in overruling his motion for mistrial when the prosecution argued its personal opinion that complainant would not have known about the sexual acts unless appellant had committed them.  Specifically, the prosecution argued:

And that’s why we brought you Ms. Howell, to tell you, “No. In my experience, [complainant] does not lie.  She does not make up big ones, she does not make up whoppers.  She is a truthful child.”  A six-year-old who knows the details that some 18-years-old would not be able to tell you about.  

[DEFENSE COUNSEL]:  Your Honor, again, that’s outside of the record.  We object.

THE COURT:  I’ll sustain the objection, and ladies and gentlemen of the jury, don’t consider that.

The court then denied appellant’s motion for mistrial.  

The jury heard detailed testimony from complainant of how appellant sexually abused her.  The complainant’s mother also testified that complainant had never walked in on her and appellant having sex and that they did not keep pornography of any kind in their home.  It was a reasonable deduction for the prosecutor to argue that a normal six-year-old would not know such details about sexual activity without having experienced sexual abuse.  Furthermore, the argument was not so extreme or manifestly improper that an instruction to disregard could not cure any possible prejudicial effect.  
See Hernandez
, 819 S.W.2d at 820.
  Also, any possible harm was cured by the trial court’s instruction to disregard.  
See Dinkins
, 894 S.W.2d at 357.
  We overrule appellant’s fifth point.

In his sixth point, appellant argues that the trial court erred in overruling his motion for mistrial when the prosecutor argued his personal opinion that
 the appellant, better than anyone, would know that penetration of the complainant would damage her.  Specifically, the prosecution argued:

Now, counsel wants to know why there are no physical findings.  Well, Aracelia told you that in 85 percent of the cases, not just here but on nationwide studies, there are no physical findings. Why?  Because y’all all know that if he’s in there on the couch and he’s penetrating her with his penis, she is going to cry out in pain.  There will be bleeding.  Yeah, there will be damage, and he knows it better than anybody.  

The trial court then sustained appellant’s objection, instructed the jury to disregard
, and denied his motion for mistrial.

We conclude the prosecution’s argument was a proper response to argument of opposing counsel.  During appellant’s closing argument, his attorney argued the following:

Now, I want you to think about that.  I want you to think about the fact that we’ve got no physical findings of abuse.  We've got no trauma to the vaginal area.  We’ve got no redness to the labia.  We got no infection.  We have no semen.  We have no tears in the hymen.  We didn’t have no tears to the vaginal area.

. . . .

Well, I was going to say, [in] my experience in talking with Ms. Aracelia Desmarais and it’s also, I would submit to you, common sense that when you have that kind of size going into that small a situation, that you’re going to have those abrasions like Ms. Desmarais testified about.  We don’t have that.

Thus, the prosecution was merely responding to appellant’s argument that there were no physical signs of abuse.  Furthermore, the argument was not so extreme or manifestly improper that an instruction to disregard could not cure any possible prejudicial effect.  
See Hernandez
, 819 S.W.2d at 820.
  
Any possible error was cured by the trial court’s instruction to disregard.  
See Dinkins
, 894 S.W.2d at 357. 
 Therefore, the trial court did not abuse its discretion in denying appellant’s motion for mistrial.  Appellant’s sixth point is overruled.

V.  Expert Witness Testimony

In his seventh point, appellant contends that the trial court abused its discretion in permitting the State’s expert witness, Aracelia Desmarais, to testify because the State did not give timely notice of its intent to call her, even though such notice was timely requested by defense counsel.  The State responds that appellant failed to comply with article 39.14(b)
 of the Texas Code of Criminal Procedure. 

Article 39.14(b)
 provides that:

On 
motion
 of a party and on notice to the other parties, the court in which an action is pending may order one or more of the other parties to disclose to the party making the motion the name and address of each person the other party may use at trial to present evidence under Rules 702, 703, and 705, Texas Rules of Evidence.  The court shall specify in the order the time and manner in which the other party must make the disclosure to the moving party, but in specifying the time in which the other party shall make disclosure the court shall require the other party to make the disclosure not later than the 20
th
 day before the date the trial begins.

Tex. Code Crim. Proc. Ann
. art. 39.14(b) (Vernon Supp. 2003) (emphasis added).  The plain language of the rule requires that a party file a motion directed to the court and provides that the court may order the State to disclose its trial witnesses.  
Id
.

On October 2, 2001, appellant filed “Defendant’s Request That The State Give Written Notice Of It’s [sic] Intention To Use Evidence And Statements.” The State argues that the Request was not addressed or presented to the trial court.
(footnote: 3)  The statute grants to trial courts the discretion to order the disclosure of the names of expert witnesses on the motion of a party.  
Id.
; 
see
 
Quinones v. State
, 592 S.W.2d 933, 940 (Tex. Crim. App.), 
cert. denied
, 449 U.S. 893 (1980) (holding that which is discoverable by defendant in criminal proceedings, under this article, is committed to discretion of the trial court).
  Here, appellant failed to secure an order pursuant to 39.14(b) requiring disclosure.  

Furthermore, the decision to allow a witness who was not listed on the State’s witness list to testify is a matter within the court’s discretion.  
Martinez v. State
, 867 S.W.2d 30, 39 (Tex. Crim. App. 1993), 
cert. denied
, 512 U.S. 1246 (1994); 
Fincher v. State
, 980 S.W.2d 886, 888 (Tex. App.—Fort Worth 1998, pet. ref’d).  The factors a reviewing court considers in determining whether there has been an abuse of discretion are (1) a showing of bad faith on the part of the prosecutor in failing to disclose the witness’s name before trial; and (2) whether the defendant could have reasonably anticipated that the witness would testify, even though his or her name was not included on the list.  
Nobles v. State
, 843 S.W.2d 503, 514-15 (Tex. Crim. App. 1992).  

Here, the record contains no evidence that the State acted in bad faith in failing to include Desmarais on its witness list.  During a pretrial hearing, the State admitted to providing defense counsel with other discovery and keeping an open file.  Appellant received notice of the State’s intent to call Desmarais during a conversation on April 4, 2002, and because the trial began on April 9, 2002, appellant had sufficient time to prepare for cross-examination.  
See Castaneda v. State
, 28 S.W.3d 216, 223 (Tex. App.—El Paso 2000, pet. ref’d) (holding that providing notice to defense one week before calling a witness does not indicate bad faith).  The State also offered to make Desmarais available for questioning the next day.  Thus, appellant has failed to establish that the State acted in bad faith in not including Desmarais on its witness list
.

Appellant also could have reasonably anticipated that Desmarais would testify.  Defense counsel admitted that the State had allowed an open file, and he had reviewed it on at least three different occasions.
  Desmarais’s medical report had been in the file since the indictment date, so appellant’s attorney should have reasonably anticipated her testimony.  
See Lemasurier v. State
, 91 S.W.3d 897, 901 (Tex. App.—Fort Worth 2002, pet. filed) (stating that counsel should have reasonably anticipated witness’s testimony when a report had been a part of the file, and counsel was aware of report through his own examination of the file).
  
Accordingly, the trial court did not abuse its discretion in denying appellant’s request to exclude the witness’s testimony.  Appellant’s seventh point is overruled.

VI.  Conclusion

Having overruled all of appellant’s points, we affirm the trial court’s judgment. 

TERRIE LIVINGSTON

JUSTICE

PANEL A: DAY, LIVINGSTON, and DAUPHINOT, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

[DELIVERED MARCH 6, 2003]

FOOTNOTES
1:
Section 12.42(c)(2) requires that a defendant be punished by life imprisonment if the defendant is convicted under Texas Penal Code section 22.021 and has been previously convicted of an offense under the laws of another state containing elements substantially similar to the elements of an offense under Texas Penal Code section 21.11, which sets out the offense of indecency with a child.  
Tex. Penal Code Ann
. §§ 12.42(c)(2)(A)(i), (B)(v), 21.11 (Vernon 2003).

2:
Delaware section 768 states, “A person is guilty of unlawful sexual contact in the second degree when the person intentionally has sexual contact with another person who is less than 16 years of age or causes the victim to have sexual contact with a person or a third person.  Unlawful sexual contact in the second degree is a Class G felony.”  
Del. Code Ann
. tit. 11, § 768 (2002).

3:
Appellant addressed the Request as a “request to Counsel for the State”; however, it is apparent that it was a motion to the court.